State, Sharp, Pros., v. Apgar.

---

THE STATE, MORRIS SHARP, PROSECUTOR, v. GEORGE A. APGAR, COLLECTOR OF CLINTON.

1. Since the act of 1862, the person taxed is bound, if required, to state to the assessor the particulars of his property under oath or affirmation, and if he declines to do so, he is not entitled to appeal or to relief by *certiorari*.

2. Where a tax was illegally assessed for bounty money, and afterwards. ratified and confirmed by a special law, the writ of *certiorari* was dismissed.

This was a *certiorari* in a tax case.

Argued before Justices VAN DYKE, ELMER, and BEDLE, by *G. A. Allen*, for the prosecutor, and *B. Van Syckel*, for the township.

The opinion of the court was delivered by

ELMER, J. The prosecutor of this *certiorari* objects to the tax assessed against him, upon the ground that the value of certain bank stock owned by him was illegally included in the amount at which his personal property was stated by the assessor. But this fact, if it was so, was not made to appear, either to the assessor or to the commissioners of appeal before whom the prosecutor presented his case. It is enacted by the ninth section of the tax law of 1862, *Acts of 1862, p. 349*, that the assessors and commissioners shall have power to administer oaths and affirmations, and examine witnesses and other evidence, in order to ascertain the particulars and amount of the taxable property of any person or corporation ; and any person who shall refuse to be sworn or affirmed and examined, when requested so to do by any assessor or commissioner, shall be subject to a penalty of five hundred dollars, and shall also be deprived of any right to appeal from any tax for which he may be assessed by such assessor. The tenth and eleventh sections of the act of 1854, *Nix. Dig. 852*, which gave the person taxed a right to make an affidavit stating the value of his property, is repealed.

It appears that the prosecutor offered, before the assessor and again before the commissioners of appeal, to make an affidavit that the value of his real and personal estate was sixteen thousand five hundred dollars. This affidavit they declined to receive, and he refused to state, as he was requested, the particulars of his property. Under these circumstances, if it be true that the assessor included in the

amount of his personal property stock that was not required to be assessed, as seems probable, although even now no particulars of what his property really was have been furnished, the prosecutor is entitled to no remedy.

The *certiorari* in this case was allowed at February term, 1863, and brings up the assessment against the prosecutor, made in August, 1862, in which was included a large sum ordered to be raised to pay bounty money, by a town meeting held on the twenty-third day of that month. No law existed at that time authorizing such a tax; but in March, 1863, the legislature passed an act declaring that the doings and proceedings of the said town meeting, and of the assessor and collector, in voting, assessing, and collecting said tax, be and the same are ratified, confirmed, and in all respects made valid and binding. In conformity with our previous course in such cases, without undertaking to decide how far this law is binding. we deem it our duty to order the *certiorari* to be dismissed; which we do with the expectation, that the township authorities will pay so much of the costs as had been incurred when the act of 1863 was passed.

*Certiorari* dismissed.

CITED in *State* v. *Town of Bergen*, 5 *Vroom* 440; *Morrow* v. *Inhabitants of Vernon*, 6 *Vroom* 492; *State* v. *Township Committee of Readington*, 7 *Vroom* 69; *State, Dixon, pros.*, v. *Mayor, &c., of Jersey City*, 8 *Vroom* 42.