## Case No. 11,574.

### RANSOM v. UNITED STATES.

[8 Reporter, 164.] [1]

Circuit Court, S. D. New York.    June 30, 1879.

INTERNAL REVENUE—SUCCESSION TAX—BY WILL FROM WIFE—PURCHASE BY HUSBAND.

Where property was given by will by a wife to her husband a succession tax is due under the act of 1864 [13 Stat. 223], notwithstanding the property was bought and paid for by the husband, and deeded to the wife under an understanding that she was to devise the same on her death to her husband.

[Appeal from the district court of the United States for the Southern district of New York.]

At law.

WAITE, Circuit Justice. Ransom, plaintiff in error, bought and paid for a house and lot in the city of New York which he caused to be conveyed to his wife upon the understanding that she should make her will devising the property to him in case she died before he did. Pursuant to this understanding she made her will, and died February 20, 1866. This suit is brought to recover a succession tax of six per cent. on the value of the property claimed to be due under the internal revenue act of 1864, upon this devolution of title. Section 127 of the act of 1864 (13 Stat. 287) provides that every past or future disposition of real estate by will, by reason whereof any person shall become beneficially entitled in possession or expectancy to any real estate or the income thereof upon the death of any person dying after the passage of the act, shall be deemed to confer on the person entitled by reason of such disposition a succession, etc. Clearly this is such a case. The legal title to the property and the ownership were in the wife when she died. But for the will this title and ownership would have passed to her heirs without any rights in the husband that could have been enforced against them at law or in equity. The fact that the will was made on account of an agreement to that effect by the wife when she took her title rendered it none the less an instrument creating a beneficial interest in the husband on her death, and that, under the statute, is the succession

---

[1] [Reprinted by permission.]

to be taxed. Had there been no will the husband would have had no interest. The unreported case of Dodworth, referred to on the argument, is not in conflict with anything that is here decided. That case arose under section 132, and it was sought to charge Dodworth because he took title by deed of gift or other assurance made without valuable or other consideration, and the court held that upon the facts it appeared that such a consideration had been paid. No such question can arise under section 127. That section provides for cases when the devolution of title is by will to take effect on the death of the testator. Judgment affirmed.