The People of the State of Illinois, Appellee, *vs.* Aaron W. Bauder *et al.* Appellants.

*Opinion filed February 16, 1916.*

Inheritance tax—*bequests to trustees for compensation are taxable.* Bequests made by the will of $5000 to each of the two trustees named therein, on condition that they will not charge or accept any further sum for their services as executors and trustees, are taxable under the Inheritance Tax law as passing by virtue of the will.

Appeal from the County Court of Cook county; the Hon. William C. DeWolf, Judge, presiding.

Sheriff, Dent, Dobyns & Freeman, for appellants.

P. J. Lucey, Attorney General, and Thos. J. Young, for appellee.

Mr. Chief Justice Farmer delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county fixing a tax under the Inheritance Tax statute upon bequests made by the will of Lucius A. Howland, deceased. Howland died October 30, 1907. By his will he

named his widow and Aaron W. Bauder and Noah J. Abram executors. The widow was given all the testator's estate and property for life. After her death the will provided for the payment of legacies to certain legatees named, and all the residue of the estate remaining after the death of the widow and payment of legacies was to be held in trust by Bauder and Abram for the benefit of an adopted son of the testator until he arrived at a certain age, when it was to be turned over to him as his absolute property. By the fourth section of the will the testator gave Bauder and Abram, who were named to act as trustees after the widow's death, $5000 each on condition that they would not charge or accept any further sum for their services as executors or trustees. The only question for decision in this case is whether the bequests made the trustees are subject to tax under the Inheritance Tax statute. The county court held they were, and Bauder and Abram have appealed.

Appellants contend the statute only applies to gratuities or gifts passing by will, and has no application when the bequest is given as compensation to executors and trustees for services to be performed by them. The question is new in this State, but considering the language of the statute and the purposes of its enactment we are of opinion the judgment of the county court was correct. Our statute provides that "all property real, personal and mixed, which shall pass by will  *  *  *  shall be and is subject to a tax at the rate hereinafter specified," etc. The costs and expenses of administration, which it is said should be and always are deducted, do not pass by the will. It is true, a trustee in this State is entitled to compensation for his services, and if the will contains no provision for such compensation he is entitled to a reasonable allowance to be made by the court. But this affords no authority to exempt bequests such as are here involved. These bequests are property, which pass to the donees by will and under

the statute are subject to tax, notwithstanding the condition attached to the bequest. It is not like the case where a testator owed some one and by his will directed the payment of the amount. Howland owed appellants nothing. They had, of course, performed no services as executors or trustees, and whether they ever would render any services as trustees was uncertain, for the widow might live until the son arrived at the age when the property became his free from the trust. These things were all in the contemplation of the testator when he made the bequests. He desired the appellants to have the money, however small the value of any service rendered might be, and it was taxable as property passing to them by will. In *State* v. *Probate Court,* 101 Minn. 485, it was held the expense of administration was proper to be deducted in ascertaining the value of an estate for taxation under the Inheritance Tax law, but the compensation of a trustee in the management of the estate for the benefit of legatees or devisees was not proper to be deducted. In *Matter of Gould,* 156 N. Y. 423, the testator recited in his will that one of his sons had for twelve years devoted himself to the business of the testator. The testator fixed the value of such services at $5,000,000, and by his will directed the payment to the son of that amount. The court held the bequest was subject to tax because the statute read that the tax should be "imposed upon the transfer of any property * * * when the transfer is by will." The court said if the testator did owe his son the amount bequeathed, he selected a method for payment within the taxing provisions of the statute.

In our opinion the exemption of the bequests to appellants would not be warranted under our statute, and the judgment of the county court is affirmed.

*Judgment affirmed.*