GEORGE K. CLARKE, executor, *vs.* TREASURER AND RECEIVER
GENERAL & another.

Norfolk.   January 11, 1917. — March 5, 1917.

Present: RUGG, C. J., LORING, DE COURCY, & CARROLL, JJ.

*Tax,* On legacies and successions.  *Contract,* To make legacy.  *Constitutional Law.*

In the provision of St. 1912, c. 678, § 1, imposing an excise on the passing of "All
   property within the jurisdiction of the Commonwealth, corporeal or incor-
   poreal . . . belonging to inhabitants of the Commonwealth, . . . which shall pass
   by will, or by the laws regulating intestate succession, or by deed, grant or gift,
   except in cases of a *bona fide* purchase for full consideration in money or money's
   worth, made or intended· to take effect in possession or enjoyment after the
   death of the grantor," the exception of "cases of a *bona fide* purchase" refers only
   to property passing "by deed, grant or gift" and does not apply to property
   passing by will in accordance with an agreement of a testator to make a cer-
   tain legacy in consideration of services performed for him by the legatee.
A legacy of $6,030.14 given by the will of a testator to his housekeeper in pur-
   suance of an agreement to bequeath to her $2,000 with an additional bequest
   of $500, or a proportional part thereof for a fraction of a year, for each year
   after a date named until his decease, provided she continues to discharge her
   duties to the satisfaction of the testator until his death, is subject to a legacy
   tax under St. 1912, c. 618, § 1.
In the case in which the point stated above was decided, it was *said,* that the promise
   to make the legacy, when performed, did not make the legatee a creditor of the
   estate of the testator, and that the question, whether a legacy ostensibly given
   for the purpose of discharging a lawful debt would be subject to the excise,
   was not raised by the record, although cases from other States were cited hold-
   ing that a legacy in discharge of a debt is subject to a legacy tax.
In the case mentioned above, it appeared that when the contract between the
   testator and his housekeeper was made a statute imposing a legacy and suc-
   cession tax substantially in its present form was in force, so that the contract
   must be presumed to have been made in contemplation of the operation of
   the statute, but it was *said,* that the excise upon the privilege of receiving
   the legacy by will would not have been in violation of the Constitution of the
   Commonwealth nor of that of the United States, if the contract had been made
   before any statute on the subject was enacted, because a contract to receive
   part payment for services by a transfer of property by will necessarily implies
   that the bequest is to be received subject to the general laws respecting such
   transfers that shall be in force at the death of the testator.

BILL IN EQUITY, filed in the Probate Court for the county of
Norfolk on March 14, 1916, by the executor of the will of Ward
N. Hunt, late of Needham, for instructions.

The Probate Court made a decree that the sum of $6,030.14,

payable to Sarah Elizabeth Willgoose Wales in accordance with a provision of the will of Hunt, which provision was made in pursuance of a contract entered into between the deceased and Wales, was taxable under the legacy and succession tax law. The contract is described in the opinion. Sarah Elizabeth Willgoose Wales appealed.

The case was heard by *Braley, J.,* who made a final decree that the order of the Probate Court "that the legacy payable to Sarah Elizabeth W. Wales is subject to a tax to the Commonwealth of Massachusetts at the rate of five per cent with interest thereon at six per cent from June 2, 1916, be, and the same hereby is, affirmed and the cause remanded to the Probate Court for further proceedings." Sarah Elizabeth Willgoose Wales appealed.

St. 1912, c. 678, § 1, begins as follows: "All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein, belonging to inhabitants of the Commonwealth, and all real estate within the Commonwealth, or any interest therein, belonging to persons who are not inhabitants of the Commonwealth, which shall pass by will, or by the laws regulating intestate succession, or by deed, grant or gift, except in cases of a *bona fide* purchase for full consideration in money or money's worth, made or intended to take effect in possession or enjoyment after the death of the grantor, to any person, absolutely or in trust, except to or for the use of charitable, educational or religious societies or institutions, the property of which is by the laws of this Commonwealth exempt from taxation, or for or upon trust for any charitable purposes, to be carried out within this Commonwealth, or to or for the use of a city or town within this Commonwealth for public purposes, or to or for the use of . . . , shall be subject to a tax."

*G. K. Clarke,* executor, stated the case.

*W. G. Moseley,* for the defendant Wales.

*W. H. Hitchcock,* Assistant Attorney General, for the Treasurer and Receiver General.

RUGG, C. J. The testator, in April, 1903, made a contract with Sarah E. Willgoose to employ her as housekeeper during the remainder of his life, provided her service was satisfactory, agreeing to pay her $3.50 for each week that she rendered him such service, and agreeing further with other stipulations not now ma-

terial that "within nine days of the date of this contract, he will make a will and therein bequeath to the said S. Elizabeth the sum of two thousand ($2,000) dollars, with the additional bequest of five hundred ($500) dollars, or a proportional part thereof for the fraction of a year, for each and every year after April 1, 1907, until his decease." Pursuant to that contract he made a will containing this clause: "If my housekeeper, Sarah Elizabeth Willgoose continues to discharge her duties to my satisfaction and I retain her in my employ until my death, I give her two thousand ($2,000) dollars, with the additional sum of five hundred ($500) for each year after I am eighty years old, and a proportionate part of five hundred ($500) dollars for the fraction of a year. The said legacies to the said Sarah Elizabeth Willgoose to depend entirely upon my retaining her in my employ until my decease, and I am to be sole judge of whether her services continue efficient and satisfactory." There was due under this legacy at the decease of the testator $6,030.14. The question is whether this legacy is subject to the excise tax imposed by St. 1912, c. 678, § 1, which must be levied on "All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, . . . which shall pass by will, or by the laws regulating intestate succession, or by deed, grant or gift, except in cases of a *bona fide* purchase for full consideration in money or money's worth, made or intended to take effect in possession or enjoyment after the death of the grantor."

As matter of statutory construction the excepted cases relate only to instances where property passes by "deed, grant or gift" and not to those where it passes "by will, or by the laws regulating intestate succession." A modifying clause according to common grammatical construction refers to that immediately preceding. The substance of the statutory exception shows that this rule applies to the present case. A "purchase" can have no natural connection with intestate succession. Intestate succession is imposed by statute. It acts *in invitum.* It is not the subject of bargain, sale or barter. It is cast by the law upon kindred of the statutory degree. The word "purchase" has a forced and unusual construction according to common speech, if applied to wills. It would not be the normal construction for an excepting clause to apply to its immediately preceding phrase, to skip the

one next preceding, and then to apply to the next one beyond. The words of the exception have a natural pertinency to instances where property passes "by deed, grant or gift." A "*bona fide* purchase for full consideration" applies to transactions of that sort. Such a provision would subject to the excise the common devices which the Legislature might think would be resorted to in order to evade the tax.

It is plain that the will gives a legacy. The property passes to the housekeeper by reason of the will. The antecedent contract between the parties required the testator to make a will and therein "bequeath" a definite sum with a rule for its increase by lapse of time. This contract was executed exactly according to its terms. The promise of this contract, if kept, does not give rise to a debt. It is in this respect distinguishable from that before the court in *Krell* v. *Codman,* 154 Mass. 454. It simply creates an obligation to give a legacy by will. It is a contract not unusual in its substance. Contracts to make a legacy not infrequently come before the courts. *Howe* v. *Watson,* 179 Mass. 30. *Wellington* v. *Apthorp,* 145 Mass. 69. If the testator had failed to make a will giving the legacy required by his agreement, there would have been a breach of contract. The damages to which the housekeeper would have been entitled in an action against his estate to recover for that breach of contract would be measured by what she would have lost by his failure to make the legacy, namely, the amount of the legacy less whatever deductions lawfully ought to be made. If it had been the intention of the parties that the estate and not the legatee should pay the excise tax, that should have been made a condition of the contract and a provision of the will. If his estate had been solvent but insufficient to pay all the legacies in full, she hardly could have relinquished her legacy and recovered as for a debt. There are no words of exception or limitation in the statute which indicate any legislative purpose to exempt from its sweeping provisions a legatee standing as does the one at bar.

The question is not raised by this record whether a legacy ostensibly given for the purpose of discharging a lawful debt is subject to the excise. The rights of the legatee are not those of a creditor because the contract she made has been performed and she has become a legatee. But it has been held in numerous

cases that a legacy in discharge of a debt is subject to a legacy tax.  *Matter of Gould,* 156 N. Y. 423.  *State* v. *Mollier,* 96 Kans. 514.  *Carter* v., *Craig,* 77 N. H. 200.  *Leavell* v. *Arnold,* 131 Ky. 426.  *Turner* v. *Martin,* 7 De G., M. & G. 429.  See *Matter of Kidd,* 188 N. Y. 274.

There are no constitutional objections to the statute as thus interpreted and applied.  The legacy tax law in substantially its present form was in existence when the contract was made, which lies at the bottom of this controversy.  That contract must be presumed to have been made in contemplation of the operation of the statute.  Moreover, the excise tax is laid on the privilege of receiving the legacy by will.  That is the "commodity" which is taxable.  It has been held that the passing into possession and enjoyment of such property is subject to such taxation even though the instrument under which the property passes was executed and effective before the statute imposing the excise was enacted.  *Crocker* v. *Shaw,* 174 Mass. 266.  *Minot* v. *Treasurer & Receiver General,* 207 Mass. 588.  *Burnham* v. *Treasurer & Receiver General,* 212 Mass. 165.  See also *State Street Trust Co.* v. *Treasurer & Receiver General,* 209 Mass. 373.  The contract of the housekeeper was that she should receive in part payment of her services the transfer of property by will.  That contract implies that she was to take and receive it subject to the general laws respecting such transfers.  The imposition of such an excise tax is within the power of the Legislature.  It does not conflict with any guaranty of the State or Federal Constitution.  *Minot* v. *Winthrop,* 162 Mass. 113.  *Keeney* v. *Comptroller of New York,* 222 U. S. 525.

*Decree affirmed.*