[Civ. No. 4289. Second Appellate District, Division One.—August 27, 1923.]

In the Matter of the Estate of CHARLES P. GROGAN, Deceased. GRACE GROGAN, Appellant, v. STATE CONTROLLER, etc., Respondent.

[1] INHERITANCE TAX — TRANSFER BY WILL—REASON FOR TRANSFER NOT CONSIDERED.—Section 2 of the Inheritance Tax Act (Stats. 1921, p. 1500), in imposing a tax upon a transfer of property when "the transfer is by will," does not take into consideration the reason for the transfer; the result is all that is considered— that is, the transfer itself.

[2] ID.—BEQUEST TO FORMER WIFE—PREVIOUS SURRENDER OF INHERITABLE RIGHTS—BEQUEST TAXABLE—SECTION 2.—Where a former

---

1. Rule for construction of inheritance tax statutes, note, **Ann. Cas.** 1915C, 322.

wife is bequeathed by the will of her former husband the net income for her lifetime from a trust fund created by said will, in consideration of her previous surrender and renunciation of her right of inheritance as the wife of the testator, such bequest is taxable under section 2 of the Inheritance Tax Act (Stats. 1921, p. 1500), which provides that "A tax shall be, and is, hereby imposed upon the transfer of any property . . . (1) When the transfer is by will."

APPEAL from an order of the Superior Court of Los Angeles County fixing inheritance tax. James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lucius K. Chase for Appellant.

Louis B. Diavila, Adrian C. Stanton, Ralph W. Smith and Erwin P. Werner for Respondent.

HOUSER, J.—This appeal has to do with the legality of an inheritance tax imposed upon a trust fund created primarily for the benefit of Grace Grogan, who was the former wife of Charles P. Grogan, now deceased.

It appears that the parties were husband and wife; that they were unhappy in their married life and, because of serious differences and disagreements existing between them, they were living separate and apart one from the other. On May 17, 1913, Charles P. Grogan entered into a contract with his wife, Grace Grogan, wherein a settlement of their respective property interests was effected, and in consideration of the surrender and renunciation by Grace Grogan of her right of inheritance as the wife of Charles P. Grogan, it was agreed between them that Charles P. Grogan should pay to Grace Grogan the sum of three thousand dollars a year; furthermore, that Charles P. Grogan would "provide in his last will and testament for the creation of a trust fund in substance as follows: Said will and testament to provide for the creation of a trust fund consisting of one-half of all of the estate of said first party at the time of the death of said first party, provided said estate does not exceed one hundred thousand dollars ($100,000). In the event the estate of said first party at

his death exceeds the sum of one hundred thousand dollars, then and in that event the trust fund created not to exceed fifty thousand dollars. The net income derived from this trust fund to be paid to and become the separate property of said second party during her lifetime. The trust estate herein created terminates and ends at the death of the said second party and the unexpended portion shall go to, belong to, vest in and be distributed to the said minor child if he be living, and if not to such person or persons as said first party may designate in said last will and testament.'' Thereafter Grace Grogan obtained a divorce from Charles P. Grogan and the decree therein incorporated the terms of the agreement theretofore entered into between the said parties in substance as hereinbefore set forth. On the death of Charles P. Grogan and the probating of his estate, an inheritance tax report was filed in which Grace Grogan was taxed as a stranger for the value of the property bequeathed to her pursuant to the terms of said contract and the said decree of divorce.

This appeal is from an order of the court fixing the inheritance tax; and it is contended that the bequest contained in the will operates merely as the fulfillment of an obligation and the execution of a trust created by contract between the parties, and that it constitutes merely the satisfaction of an obligation theretofore existing between the parties and does not constitute a bequest or transfer within the meaning of the Inheritance Tax Act.

Section 2 of the California Inheritance Tax Act (Stats. 1921, p. 1500), under which the tax on the trust fund herein was imposed, reads in part as follows:

''A tax shall be, and is, hereby imposed upon the transfer of any property . . .

''(1) When the transfer is by will.''

Decisions in other jurisdictions having an inheritance tax law similar to our statute on the particular point here involved are not entirely harmonious. In New York there are two cases holding with appellant. In the first New York case, entitled *In re Baker's Estate,* 83 App. Div. 530 [82 N. Y. Supp. 390], relied upon by appellant, it appeared that an antenuptial agreement provided for the payment of the sum of one thousand dollars to the intended wife on or before the date of the marriage and the further

payment of the sum of twenty thousand dollars in the event that the wife survived the husband, which was to be taken by her in lieu of dower or other rights. It was held that the agreement, incorporated in the will, did not constitute a gift to the wife in contemplation of the donor's death and was not subject to the transfer tax.

In the matter entitled *In re Vanderbilt's Estate,* 184 App. Div. 661 [172 N. Y. Supp. 511] (affirmed by memorandum opinion in 226 N. Y. 638 [123 N. E. 893]), it was held (syllabus) that where testator made bequest to wife pursuant to and in full satisfaction of the covenants of the antenuptial agreement wherein he had agreed to give wife sum so bequeathed, the bequest was not subject to transfer tax, having been made in consideration of marriage and not in contemplation of death.

On the other hand, however, there are two New York cases holding to the opposite view. Where a testator for a valuable consideration agreed to bequeath and devise to his stepdaughter all the property he might have at his death, and failed to do so, the court in deciding that the stepdaughter was equitably entitled to have the agreement carried out, ruled that the estate was taxable, and in so doing said, in part: "It [the agreement] was not a contract to convey, but a contract to make a will in her [the stepdaughter's] favor. Had the deceased performed his agreement and given her his property by will, the estate would have been subject to the tax." (*In re Kidd's Estate,* 188 N. Y. 274 [80 N. E. 924].)

In the other New York case (*In re Gould's Estate,* 156 N. Y. 423 [51 N. E. 287]) it appeared that shortly before his death Jay Gould (the testator) agreed with his son George that the value of the latter's services in his father's business for twelve years was reasonably worth the sum of five million dollars, and that the father owed him that amount of money in compensation therefor. Thereupon Jay Gould made a codicil to his will in which he recited the facts with reference to the service which had been performed by his son George and the agreed value thereof, for which payment was provided out of the assets of the estate in the manner thereafter set forth in the codicil to the will. After the death of Jay Gould the question of the right of the state to collect an inheritance tax on the be-

quest to George Gould was settled by the court of appeals holding that under the provisions of the inheritance tax statute (which is nearly identical with ours) the bequest was so taxable.

The New Hampshire case (*Carter* v. *Craig*, 77 N. H. 200 [Ann. Cas. 1914D, 1179, 52 L. R. A. (N. S.) 211, 90 Atl. 598]), holds that where property passes by a will executed in accordance with the terms of a contract by which the testator agreed to give all his property to the beneficiary in consideration of the support by the beneficiary of the testator and his wife for life, such devise was subject to an inheritance tax.

In a Kansas case (*State* v. *Mollier*, 96 Kan. 514 [L. R. A. 1916C, 551, 152 Pac. 771]) it was shown that more than twenty years before the death of the testator he had made an agreement with his niece that if she would make her home with him, act as his housekeeper and look after his welfare as long as he lived, he would make a will and bequeath to her all his property. A will was made in accordance with the contract and after the death of the testator, in a proceeding to recover the tax upon the legacy, it was held that the property passing to the beneficiary was taxable.

In another Kansas case (*State* v. *Gerhards*, 99 Kan. 462 [162 Pac. 1149]) the same principle was followed, as announced by the syllabus thereof, as follows: "Where persons assume to take property by virtue of a will bequeathing it to them, they are liable for the inheritance taxes imposed on the exercise of their right of succession under the will, and it is immaterial that they might have otherwise established their right to the property through a contract, as *cestui que trust*."

In the case of *Clarke* v. *Treasurer*, 226 Mass. 301 [L. R. A. 1917D, 800, 115 N. E. 416], it appeared that the testator made a contract with his housekeeper to employ her during the remainder of the testator's life, provided her service was satisfactory, for which he agreed to pay her three dollars and fifty cents for each week, and that thereafter he would make a will bequeathing to her the sum of two thousand dollars, with the additional bequest of five hundred dollars, or a proportional part thereof for the fraction of a year, for each and every year after April

1, 1907, until his decease. The will was made accordingly. In passing on the question of the taxability of the bequest the court held that the legacy was not a mere satisfaction of debt and was subject to excise tax provided by the statute in cases of property passing by will.

In another Massachusetts case (*Hill* v. *Treasurer,* 227 Mass. 331 [116 N. E. 509]) an antenuptial agreement provided that in consideration of the contemplated marriage the intended wife should have out of the property and estate at the time of the death of the testator the sum of two hundred and fifty thousand dollars "as a debt" against his estate, and the intended wife agreed to accept the sum in discharge of all her rights in or to the property of the intended husband. The provision of the will was to the effect that the wife might elect to take either cash, bonds, stocks, or other evidences of value to the sum of two hundred and fifty thousand dollars. It was held that because the wife elected to take stock instead of cash the legacy was taxable.

In still another Massachusetts case (*Richardson* v. *Lane,* 234 Mass. 403 [126 N. E. 44], decided January 10, 1920, and which is the last known case bearing on the subject) the decedent, in consideration of an agreement of certain persons to provide decedent suitable maintenance for life, agreed in turn to pay them three hundred dollars in cash and to make a will devising to them. a certain house in fee simple. It was held that the devise was subject to an inheritance tax.

The case of *People* v. *Bauder,* 271 Ill. 446 [111 N. E. 598], holds that under the inheritance tax law which ·provides that all real and personal property.passing by will shall be subject to a tax, a bequest of five thousand dollars to each of two persons named to act as trustees after the death of the widow of the testator for the benefit of an adopted son until he should reach a certain age, when the property was to be turned over to him, on condition that they would not charge or accept any further sum for their services, was property passing to the donees by will and subject to taxation.

The principle announced in the foregoing cases is upheld in *Ransom* v. *United States,* 20 Fed. Cas. 296 (No.

11,574), and in *Turner* v. *Martin,* 7 De Gex, M. & G. 429.

Appellant's contention is that her right to receive the benefits arising out of the trust fund did not grow out of the will, but, on the contrary, that such rights as she possessed were the outgrowth of a contract which rested upon a valuable consideration and because of that fact could not be a bounty or benefaction and hence not taxable. The identical claim was presented in several of the cases to which attention has heretofore been directed and, as before indicated, was in each case overruled. The matter is especially discussed in *Matter of Gould,* 156 N. Y. 423 [51 N. E. 287], where it is said: "He could have refused compensation in this manner (under the terms of the will), and had he done so whatever sum he might have recovered against the estate under the agreement with his father would not have been taxable under the taxable transfer act, for there would have been in such case no transfer by will. This he did not do, but instead elected to accept a transfer of a certain amount of money, bonds, and stocks, under the will, in compensation for his services; and the question is, is the money and property thus transferred taxable? To that question the statute must furnish the answer. The statute reads: 'A tax shall be and is hereby imposed upon the transfer of any property . . . when the transfer is by will.' It will be noted that the imposition of the tax is not limited to property gratuitously given by will, but is extended to all property so transferred. Was not the property mentioned in this codicil transferred by will? Certainly it was, for the title to the bonds and stocks described in the codicil was taken away from the estate of Jay Gould and vested in George J. Gould under and by virtue of the second codicil of the will; and such property is, therefore, taxable under the express provisions of this statute. If Jay Gould did owe his son George five million dollars for services—and we must assume that he did—he selected a method of payment which brought the transaction within the taxing provisions of the statute." In *Clarke* v. *Treasurer,* 226 Mass. 301 [L. R. A. 1917D, 800, 115 N. E. 416], where the testator had agreed that in his will he would provide compensation to his housekeeper, the court said: "The promise of this contract, if kept, does not give

rise to a debt. . . . It simply creates an obligation to give
a legacy by will. . . . The contract of the housekeeper was
that she should receive in part payment of her services the
transfer of property by will. That contract implies that
she was to take and receive it subject to the general laws
respecting such transfers.''

The language of the California statute is in itself free
from ambiguity. It is to the effect that where a transfer
is effected by means of a will a tax must be paid. In the
*Gould Estate,* to which reference has heretofore been made,
it is said: ''It will be noted that the imposition of the tax
is not limited to property gratuitously given by will, but
is extended to all property so transferred. . . . The ques-
tion of motive on the part of the testator is not for our
consideration. We are now dealing with a taxing statute
which undertakes to tax all property transferred by will,
and which is applicable to every transaction of that kind,
whether advisedly or mistakenly entered upon and carried
out . . . the duty of the courts is to read it as it is
written. It is certainly within the constitutional power of
the legislature to tax all property transferred by will,
whether the motive of the testator be to make a gift or pay
a debt, and the language [of the statute], absolutely un-
ambiguous and free from saving clauses, which the legis-
lature employed to accomplish that result, affords the best
indication that the word 'transfer' in the statute is used
advisedly and according to its ordinary legal signification,
which is that the owner of a thing delivers it to another
person with the intent of passing the rights which he has
in it to the latter. . . . It matters not what the motive of
a transfer by will may be—whether to pay a debt, dis-
charge some moral obligation, or to benefit a relative for
whom the testator entertains a strong affection—if the
devise or bequest be accepted by the beneficiary, the trans-
fer is made by will, and the state, by the statute in ques-
tion, makes a tax to impinge upon that performance.'' In
the case of *Carter* v. *Craig,* 77 N. H. 200 [Ann. Cas. 1914D,
1179, 52 L. R. A. (N. S.) 211, 90 Atl. 598], it is said:
''The imposition of the tax is not limited to property
passing gratuitously by will, but extends to 'all property'
so passing. If the legislature had intended to limit the

imposition of the tax to property passing gratuitously, it could easily have said so; but, by providing that all property passing by will should be subject to the tax, it manifested an intention not to so limit it.''

No exception of the character claimed by appellant here is mentioned in the California statute. Nothing is said about any transfer by will arising out of an agreement, or as compensation for services, or in consideration of anything whatsoever. It matters not whether the legacy be a gratuity or ''for money's worth.'' There is nothing in the statute which would indicate an intention on the part of the legislature that there should be any limitation on the apparently plain language contained therein, or that there should be any exception whatsoever thereto. Everything in the nature of a change of ownership effected through a will is apparently included. [1] The reason for such transfer is not taken into consideration. The *result* is all that is considered; that is, the transfer itself. Viewed from one standpoint, it might be said that Mrs. Grogan's right was one which rested in the agreement entered into between her and her husband; that she had in effect bought and paid for everything that she was to receive, and that nothing remained to be done but the turning over of the property to her through the medium of the will. But even that does not surmount the obstacle. The right to real property undoubtedly exists in every ordinary sale where the consideration is first paid. It is not a tax on the *right* to conveyance that is usually made, but it is a tax on the *transfer* by which the conveyance is consummated. The statute here does not provide for a tax because someone has a *right* arising out of a debt or otherwise, but only when a *transfer* of property is brought about by means of a will is a tax imposed. It is a tax upon the vehicle carrying the right, rather than a tax upon the right itself. It is in effect a declaration of law that when a will is used as a means of conveyance of property a tax must be paid for that privilege.

[2] Relying upon what appears to be the great weight of authority as indicated by the cases herein cited, it must be held that the fund which passed to Mrs. Grogan through the will of Charles P. Grogan is taxable under the terms

of the statute. It follows that the order appealed from must be affirmed. It is so ordered.

Conrey, P. J., and Curtis, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 25, 1923.

All the Justices concurred.