PER CURIAM.
By this appeal, plaintiff challenges a tax court judgment which dismissed its tax appeal respecting commercial property in the City of Passaic. The judgment was entered after plaintiff had first failed to provide income information requested by the City *481 and had then failed to present any material at a “reasonableness” hearing held pursuant to N.J.S.A. 54:4-34 and consistent with the decision in Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 547 A.2d 691 (1988). At the hearing, plaintiff contended that the City bore the burden of proof to sustain its tax assessment. Thus plaintiff produced nothing. The tax court disagreed with that position and when plaintiff persisted, the court dismissed the complaint. We agree with the court’s reasoning, and thus we affirm.
N.J.S.A. 54:4-34 requires the owner of commercial real property to provide “on written request of the assessor” a “full and true account” of the income from the property. The statute also provides that if the property owner “shall fail or refuse to respond to the written request of the assessor” then,
the assessor shall value .. [the] property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof.
In Ocean Pines, Ltd. v. Borough of Point Pleasant, supra, the Court noted that under the statute a taxpayer’s failure to comply with an assessor’s request for financial information deprived the taxpayer of a right to appeal, provided only that the assessment was “reasonable.” 112 N.J. at 11, 547 A.2d 691. The Court also outlined the procedure for a “reasonableness” hearing, limited to the issue of the reasonableness of the valuation reached by the assessor. As the Court described it,
The inquiry will focus solely on whether the valuation could reasonably have been arrived at in light of the data available to the assessor at the time of the evaluation. Encompassed within this inquiry are (1) the reasonableness of the underlying data used by the assessor, and (2) the reasonableness of the methodology used by the assessor in arriving at the valuation.

[Ibid.]

The Court also stressed the summary nature of the proceeding and the prima facie validity of the assessor’s action:
In most cases such an appeal may be disposed of by the county boards or Tax Court, as the case may be, in summary fashion, without the taking of testimony. The taxpayer shall be entitled to discovery of any information relied on by the assessor in arriving at the subject valuation. If either the taxpayer or the municipality is to rely on an expert’s opinion, then the other party shall also be entitled to discovery of that opinion. The original assessment is entitled to a *482 presumption of validity, ..., and in order to overcome that presumption, the taxpayer must produce evidence that is “definite, positive and certain in quality and quantity....’’
[Id. at 11-12, 547 A.2d 691 (citations omitted) (emphasis added).] [1]
In view of the Supreme Court’s reference to the presumption of validity of the “original assessment,” and the need for the taxpayer to produce “evidence that is ‘definite, positive and certain in quality and quantity,’ ” in order to overcome that presumption, it is difficult to understand the basis for plaintiffs argument that the burden of proof at a reasonableness hearing is on the municipality rather than the taxpayer. The tax court found no merit in that argument and neither do we.
The purpose of N.J.S.A. 54:4-34 is “to assist the. assessor, in the first instance, to make the assessment and thereby hopefully to avoid unnecessary expense, time and effort in litigation.” Terrace View Gardens v. Dover Tp., 5 N.J.Tax 469, 471-72 (Tax Ct.1982), aff’d o.b., 5 N.J.Tax 475 (App.Div.1983). When the taxpayer refuses to comply with such a request, the statute provides that the assessor is entitled to proceed on. the basis of whatever information is available, and in whatever method the assessor deems appropriate. The qualification to that principle is that the assessor act. “reasonably.” However, given the rationale for the statute, the justifiable demand that the taxpayer provide necessary information, and considering that it is the taxpayer’s refusal to do so that makes the entire hearing necessary, the presumption of validity of the municipal action is certainly justified. As the Supreme Court noted, if that presumption is to be overcome, the taxpayer must do so by presenting “definite, positive and certain” evidence. Ocean Pines, Ltd., supra, 112 N.J. at 12, 547 A.2d 691.
Plaintiff claims that, to the best of its knowledge, no taxpayer has previously asserted that the burden of proof in a reasonableness hearing rests on the municipality rather than the taxpayer. It thus claims it is presenting an issue of first impression. That may be so. However, if plaintiff is correct that the argument has *483 not previously been made, we think it likely that the reason it has not been made is simply because the answer to the argument is so clear: there simply is no basis within the statute, within the Ocean Pines decision, or in policy or logic for the rule urged by plaintiff. The claim is rejected and the order of dismissal is affirmed, essentially for the reasons set out in the oral decision of Judge Kuskin rendered on March 17,1998.
Affirmed.

 Despite its right to do so, plaintiff conducted no discovery and obtained no information from the assessor.