PER CURIAM.
Plaintiff appeals from a final judgment of the Tax Court, which dismissed its complaint challenging the 1998 tax assessment on its property on the ground that plaintiff failed to comply with the assessor’s request for information concerning income derived from *488 the property in accordance with chapter 91 of the Laws of 1979 (N.J.S.A. 54:4-34). We affirm.
Plaintiff argues that in the “reasonableness” hearing held in accordance with Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 547 A.2d 691 (1988), the Tax Court should have imposed the burden of proving the reasonableness of the assessment upon the defendant municipality. We recently rejected the same argument in Two Brighton Avenue Associates v. City of Passaic, 18 N.J.Tax 480, 482 (App.Div.1999):
In view of the Supreme Court’s reference [in Ocean Pines, supra, 112 N.J. at 12, 547 A.2d 691] to the presumption of validity of the “original assessment,” and the need for the taxpayer to produce “evidence that is ‘definite, positive and certain in quality and quantity,”’ in order to overcome that presumption, it is difficult to understand the basis for plaintiffs argument that the burden of proof at a reasonableness hearing is on the municipality rather than the taxpayer. The tax court found no merit in that argument and neither do we.
The purpose of N.J.S.A. 54:4-34 is “to assist the assessor, in the first instance, to make the assessment and thereby hopefully to avoid unnecessary expense, time and effort in litigation.” Terrace View Gardens v. Dover Tp., 5 N.J.Tax 469, 471-72 (1982), affd o.b., 5 N.J.Tax 475 (App.Div.1983). When the taxpayer refuses to comply with such a request, the statute provides that the assessor is entitled to proceed on the basis of whatever information is available, and in whatever method the assessor deems appropriate. The qualification to that principle is that the assessor act “reasonably.” However, given the rationale for the statute, the justifiable demand that the taxpayer provide necessary information, and considering that it is the taxpayer’s refusal to do so that makes the entire hearing necessary, the presumption of validity of the municipal action is certainly justified. As the Supreme Court noted, if that presumption is to be overcome, the taxpayer must do so by presenting “definite, positive and certain” evidence. Ocean Pines, Ltd., supra, 112 N.J. at 12, 547 A.2d 691.
[T]here simply is no basis within the statute, within the Ocean Pines decision, or in policy or logic for the rule urged by plaintiff.
We adhere to the conclusion reached in Two Brighton Avenue Associates that the taxpayer has the burden of proof in a reasonableness hearing.
Plaintiff also argues that the assessment of its property was unreasonable as a matter of law because, lacking the information which chapter 91 requires a taxpayer to produce, the assessor placed the same value on plaintiffs property as the prior year’s assessment. However, it is not intrinsically unreasonable for an assessor to assess a property at the same value as in the prior *489 year. See Pantasote Co. v. City of Passaic, 100 N.J. 408, 416, 495 A.2d 1308 (1985). Therefore, the assessor’s decision to carry forward the assessment from the prior year did not relieve plaintiff of the burden of proving the unreasonableness of that assessment.
Finally, plaintiff contends that Tax Court erred in sustaining the municipality’s objections to certain questions which plaintiff asked the assessor. However, we find no prejudicial error in any of those rulings. The Court in Ocean Pines indicated its expectation that “fijn most cases” the county board of taxation or Tax Court would be able to determine the issue of reasonableness “in summary fashion, without the taking of testimony.” 112 N.J. at 11-12, 547 A.2d 691. The Court also indicated that “[t]he taxpayer shall be entitled to discovery = ' my information relied on by the assessor in arriving at the subject valuation.” Id. at 12, 547 A.2d 691. In this case, plaintiff did not avail itself of the opportunity to conduct discovery. In fact, plaintiff did not even subpoena the assessor to appear at the reasonableness hearing. As a result, although the assessor testified at the hearing, she did not bring her records with her and was unable to answer many of plaintiffs questions. Under these circumstances, it is understandable that the Tax Court took a somewhat restrictive view of the permissible scope of questions the assessor could be asked. In any event, we are satisfied that any answers the assessor may have been able to give to the questions which the court precluded plaintiff from asking would not have changed the outcome of the reasonableness hearing. R. 2:10-2.
Affirmed.