KUSKIN, J.T.C.
In this matter, the defendant Director of the Division of Taxation moves to dismiss plaintiffs Complaint on grounds of untimely filing. For the reasons set forth below, I deny the motion.
The facts relating to the motion are not in dispute. Plaintiff is a New Jersey corporation which, during all time periods relevant to this matter, operated a retail gasoline and diesel fuel business at a *161 service station located in Jackson Township, New Jersey. On or about November 6, 2000, the Division of Taxation commenced an audit of plaintiffs business for the years 1995 through 1998. On May 31, 2001, following completion of the audit, the Division issued a “Notice of Assessment Related to Final Audit Determination” (the “Notice of Assessment”) imposing on plaintiff the following amounts of tax, with interest through either June 15 or June 20, 2001: New Jersey Corporation Business Tax — $142,975; Motor Fuels Tax — $287,291.12; Petroleum Gross Receipts Tax— $ 83,528.20; and Sales and Use Tax — $1,266.85. The Notice of Assessment contained the following provisions relating to the taxpayer’s right to challenge the Director’s assessments:
The New Jersey statutes grant you certain appeal rights. Therefore, if you disagree with any portion of this assessment, you can request an informal administrative heai-ing witliin ninety (90) days from the date of this notice.
ADDITIONAL APPEAL PROCEDURES
Under the provisions of N.J.S.A. 54:49-18 and related Regulations, all protests must be directed to the Division of Taxation, Conference and Appeals Branch. The taxpayer’s right to appeal to the Tax court of New Jersey commences only after the taxpayer has completed the informal conference process as provided by the Statute and the Regulation (N.J.A.C. 18:1-1.8) and has received a Final Determination from the Conference and Appeals Branch. Address all protests to Chief, Conference and Appeals Branch, New Jersey Division of Taxation, P.O. Box 198, Trenton, NJ 08695.
An appeal to the Tax Court does not stay the collection of the tax or its enforcement by entry of a judgment, unless security approved by the Director of the Division of Taxation has been furnished.
The ninety-day period provided by N.J.S.A. 54:49-18a[1] during which plaintiff could request a hearing or file a protest expired on August 29, 2001. Plaintiffs written protest was postmarked and telefaxed on August 30, 2001, and was, therefore, one day late. After receiving the protest, the Division sent plaintiff a letter *162 dated September 4, 2001 rejecting the protest as untimely filed and stating as follows:
Your 90 day appeal period expired August 29, 2001.
Since you did not file a protest within 90 days of August 29, 2001 [sic], the request for a hearing cannot now be granted and the assessment is now fixed.
In the event that your [sic] not in accord with the above determination regarding the timeliness of your protest you have ninety (90) days from the date of this letter to appeal before the Tax Court of New Jersey in accordance with the provisions of N.J.S.A 54:51A-13 et. seq.
Plaintiff filed its Tax Court complaint on November 26, 2001, within ninety days from August 29, 2001. The complaint challenged the assessments imposed by the Division and not the rejection of plaintiffs protest as untimely.
In support of his motion to dismiss, the Director contends that, under N.J.S.A. 54:49-18a, N.J.S.A. 54:51A-14 (requiring Tax Court complaints to be filed “within 90 days after the date of the action sought to be reviewed”), and the statutes specifically applicable to appeals from the taxes assessed,[2] plaintiff had ninety days within which to file a protest with the Division of Taxation or, in the alternative, file an appeal with the Tax Court. The Director further contends that, if plaintiff had filed a timely protest, then the time period for appeal to the Tax Court would not have expired until ninety days after the issuance by the Director of a final determination with respect to the protest, but, because no timely protest was filed, plaintiffs time period for appeal to the Tax Court expired on August 29, 2001.
In response, plaintiff contends that the Director is equitably estopped from arguing that plaintiffs time period for appeal to the Tax Court commenced on the date of issuance of the Notice of Assessment on May 31, 2001 and expired August 29, 2001, and plaintiff contends, in the alternative, that its appeal should not be *163 dismissed as untimely because the Division failed to “turn square corners” in its dealings with plaintiff. Plaintiff also asserts that: (I) the time period for appeal to the Tax Court commences only after the Director has issued a final determination; (ii) no final determination, as such, was issued in this matter; and (iii) the Notice of Assessment could not be treated as a final determination until the protest period expired, that is, August 29, 2001. Plaintiff concludes, therefore, that its ninety-day period for appeal did not begin until August 29, 2001, and its Complaint was filed in a timely fashion because it was filed within ninety days from that date.
Plaintiff bases its equitable estoppel and square corners arguments primarily on alleged deficiencies in the form of the Notice of Assessment. Plaintiff contends that the Notice not only failed to include information as to rights of appeal to the Tax Court and a warning that failure to file a protest or appeal within ninety days would preclude any appeal to the Tax Court, but also contained affirmatively misleading information. In particular, plaintiff refers to the language quoted above under the heading “Additional Appeal Procedures” stating that a taxpayer’s right to file a Tax Court appeal “commences only after the taxpayer has completed the informal conference process.” Plaintiff contends that this language constituted an instruction that no appeal to the Tax Court could be filed during the same ninety-day period which the Director now claims was the limitations period for such an appeal.
The Director acknowledges that the language contained in the Notice of Assessment was erroneous and improperly advised the taxpayer that no right to appeal to the Tax Court existed during the initial ninety-day period after the date of the Notice of Assessment. Defendant asserts, however, that the error was inadvertent. As explained in a Certification of the Chief of the Conference and Appeals Branch of the Division of Taxation (the “Certification”), the form of notice of assessment sent to plaintiff contained revisions made in connection with a proposed change in regulations which would have required taxpayers to protest to the Division before filing an appeal to the Tax Court. The Certification states: “Unfortunately and inadvertently, although the pro *164 posed regulation was not promulgated, the revised form of Notice of Assessment Related to Final Audit Determination has been issued to some taxpayers.” The Certification also asserts that this inadvertent use of the improper form “does not reflect any intention whatsoever on the part of [the Division of] Taxation to mislead taxpayers regarding their rights to appeal notices issued by Taxation, both to Taxation and to the Tax Court, even if the revised notice could be interpreted as being misleading.” Finally, the Certification confirms that the Division has taken “affirmative steps” to make sure that the form of notice sent to plaintiff “is no longer being used by Taxation’s employees.”
Based upon the Certification, I conclude that the doctrine of equitable estoppel does not apply to the Director’s actions in this matter. The doctrine is rarely applied against a government agency, particularly in the area of taxation. Black Whale, Inc. v. Director, Div. of Taxation, 15 N.J.Tax 338, 355 (Tax 1955); Airwork Service Division v. Director, Div. of Taxation, 97 N.J. 290-97, 478 A.2d 729 (1984), cert. denied, 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985). The Supreme Court has described the circumstances in which the doctrine can apply as follows:
“The essential principle of the policy of estoppel here invoked is that one may, by voluntary conduct, be precluded from taking a course of action that would work injustice and wrong to one who with good reason and in good faith has relied upon such conduct. An estoppel ... may arise by silence or omission where one is under a duty to speak or act. It has to do with the inducement of conduct to action or non-action.”
[Middletown Tp. Policemen’s Benevolent Ass’n v. Middletown Tp., 162 N.J. 361, 367, 744 A.2d 649 (2000) (quoting from Summer Cottagers’Ass’n of Cape May v. City of Cape May, 19 N.J. 493, 503-04,117 A.2d 585 (1955)).]
In Newark v. Natural Resource Council in the Dept. of Envtl. Protection, 82 N.J. 530, 414 A.2d 1304 (1980), cert. denied, 449 U.S. 983, 101 S.Ct. 400, 66 L.Ed.2d 245 (1980), the Court stated that “the party seeking the benefit of estoppel has the burden of establishing that an officer of the State, conscious of the State’s true interest and aware of the private [party’s] misapprehension, stood by while the private [party] acted in detrimental reliance.” Id. at 545, 414 A.2d 1304. From the facts presented in connection with defendant’s motion, construed most favorably to plaintiff, I *165 find no basis for concluding that the Director or Division engaged in voluntary conduct on which plaintiff relied to its detriment, or that the Director remained silent knowing that plaintiff misunderstood its rights of appeal to the Tax Court.
Non-applicability of the doctrine of equitable estoppel does not preclude application of the requirement that Director and Division turn square corners in dealing with taxpayers. In W.V. Pangborne & Co. v. New Jersey Dept. of Transp., 116 N.J. 543, 562 A.2d 222 (1989), the Supreme Court rejected the applicability of equitable estoppel, after finding that the Department of Transportation (“DOT”) had not made any representation or engaged in conduct calculated to mislead the plaintiff or to lull the plaintiff into a false sense of security. Id. at 554-55, 562 A.2d 222. The Court held, however, that an alternative basis for relief was available under the doctrine articulated in F.M.C. Stores Co. v. Morris Plains Bor., 100 N.J. 418, 426-27, 495 A.2d 1313 (1985), that a governmental agency must “ten square corners.” Pangborne, supra, at 561-63, 562 A.2d 222.
Pangborne was the successful bidder on a contract for electrical work in connection with the rehabilitation and re-electrification of a railroad line. The company substantially completed its work in June 1983. In September 1983, Pangborne submitted a request to increase its fees to cover the cost of rock excavation which it claimed was not contemplated by the plans and specifications or included in its bid submission. In November 1983, DOT rejected the claim and invited Pangborne to submit the claim to the Department’s Claims Committee. Pangborne made its submission to the Claims Committee in July 1985. In December 1985, while the claim was pending, DOT accepted Pangborne’s qualified release and, on January 13, 1986, issued a final payment check. The statute applicable to claims for increased fees imposed a limitations period of one year after completion of the contract. In October 1986, DOT’s Claims Committee rejected Pangborne’s claim, and Pangborne filed suit in April 1987. DOT sought dismissal of the complaint on the grounds that the statute of *166 limitations expired in January 1987. Pangborne responded by arguing- equitable considerations.
In rejecting DOT’s reliance on the statute of limitations, the Supreme Court held that the Department had violated its “obligation to deal forthrightly and fairly with its contractor.” Id. at 557, 562 A.2d 222. The Court relied on the following statement in F.M.C.: “[The government’s] primary obligation is to comport itself with compunction and integrity, and in doing so government may have to forego the freedom of action that private citizens may employ and dealing with one another.” Pangborne, supra, at 561, 562 A.2d 222 (citation omitted). The Court further stated as follows:
We conclude that the effect, if any, of administrative review of a disputed claim on the statute of limitations as a bar to a judicial action is a material matter or condition of a public contract. The failure to deal expressly with this subject can create confusion, disagreement, and the disappointment of reasonable expectations that smacks of unfairness. Therefore, DOT’S failure in its promulgation of rules and regulations under the Contractual Liability Act, in the express provisions of its agreement, and in its implementing Standard Specifications, to deal expressly and clearly with this material term constitutes a breach of an implied duty of good faith and fair dealing and the supervening obligation of government to deal scrupulously with the public.
[Id. at 562, 562 A.2d 222.]
The Director asserts that he, in fact, turned square corners here because the Notice of Assessment complied with the requirements of the Taxpayer’s Bill of Rights, L. 1992, c. 175 (“TBOR”). The Director relies on four provisions of TBOR, namely, N.J.S.A. 54:50-6b, -6e and -6f, and N.J.S.A. 54:48-6. Under N.J.S.A. 54:50-6b, an assessment notice must contain the statements set forth in subsections a, b and d of N.J.S.A. 54:48-6. Under item a of N.J.S.A. 54:48-6, the Director must set forth “the procedural and substantive rights of a taxpayer under the State Tax Uniform Procedure Law.” Under item b, the Notice must contain “the procedures and time limits to protest an assessment or decision of the Director.” Item d relates to procedures for refund claims. N.J.S.A. 54:50-6e requires a final determination notice sent pursuant to N.J.S.A 54:49-18 to include the statements contained in subsections c and e of N.J.S.A 54:48-6. Item e of this statute relates to the “procedures and time limits to appeal a final decision *167 of the Director.” Item e relates to the procedures which the Director is permitted to use to verify tax liability and to collect a tax liability. Based on these statutory provisions, the Director contends that he had no obligation to include in the Notice of Assessment information as to plaintiffs rights to appeal to the Tax Court.
The foregoing provisions of TBOR contemplate a situation where a taxpayer receives a notice of assessment, files a protest, and then receives a final determination from the Director, all as set forth in N.J.S.A. 54:49~18a. Under those circumstances, the notice requirements of the statutes provide appropriate information to a taxpayer as to the statutory rights of protest to the Division and then appeal to the Tax Court. However, the TBOR notice provisions do not adequately cover the situation where a taxpayer fails to file a protest within ninety days from the date of a notice of assessment. In those circumstances, under the express provisions of TBOR the taxpayer is not entitled to any notice of rights to appeal to the Tax Court. This appears to have been an oversight by the Legislature in enacting TBOR and is worthy of correction.[3]
*168 The Director also argues that any deficiency in the language of the Notice of Assessment as to appeal rights is of no significance under N.J.SA 54:50-6f, which provides in pertinent part: “The lack of any statement otherwise required to be included with a notice pursuant to this section ... shall not invalidate such notice.” One answer to the Director’s argument is that this provision does not validate a notice which contains affirmatively misleading information such as that contained in the Notice of Assessment. A second answer is that paragraph f should not be construed to eviscerate TBOR by rendering meaningless provisions intended to effectuate one of the fundamental rights the Legislature intended to assure, namely, the right of taxpayers to “information on them rights under the law.” Senate Budget and Appropriations Committee Statement-Assembly Nos. 385 and 1474 - L. 1992, c. 175 [(TBOR)].
Based on the preceding discussion, I conclude that the “square corners” principle on which the Supreme Court relied in Pangbome is applicable to the facts before me. Here, the Notice of Assessment sent by the Division of Taxation contained admittedly erroneous and misleading instructions to the taxpayer. As set forth above, the language of the Notice describing appeal rights stated that a taxpayer could not file an appeal with the Tax Court during the ninety-day period in which a protest could be filed with the Division. I accept the Certification’s characterization of the inclusion of this language as inadvertent. Inadvertence, however, does not relieve the government of its obligation to deal fairly, forthrightly, and scrupulously with the public.
Because the Notice of Assessment contained misleading information as to the right to appeal to the Tax Court, I hold that the Director and the Division failed to turn square corners. The Notice of Assessment, therefore, even if in compliance with the express requirements of TBOR, does not provide a basis for *169 depriving plaintiff of its right to appeal to the Tax Court. See Toys “R” Us, Inc. v. Director, Div. of Taxation, 300 N.J.Super. 163, 692 A.2d 111 (App.Div.1997) (stating that: “In the absence of estoppel or other equitable considerations, plaintiff had to file a claim for a refund within thirty days of the assessment or file a complaint with the Tax Court within ninety days of the assessment.” Id. at 173, 692 A.2d 111.). Plaintiff filed its appeal within ninety days after the expiration of the initial ninety-day period. Under the circumstances before me, I conclude that this filing should be treated as timely.
I need not, and do not, determine whether, in the absence of supervening equitable considerations, the ninety-day period for protest and the ninety-day period for appeal to the Tax Court when no protest is filed run concurrently and not consecutively. Before enactment of the TBOR, the Tax Court, in Peoples Express Co. v. Director, Div. of Taxation, 10 N. J.Tax 417 (Tax 1989), held that the then thirty-day protest period (enlarged to ninety days by TBOR) and the ninety-day Tax Court appeal period ran concurrently. See also Harris Corp. v. Director, Div. of Taxation, 15 N.J.Tax 119 (Tax 1995).
Defendant’s motion to dismiss is denied.

 This statute permits a taxpayer to file a protest with the Director “within 90 days after the giving of the notice of the [Director's] assessment or finding.” The Director must then make a final determination with respect to the protest and the taxpayer has “90 days after’ final determination by the director” to file an appeal to the Tax Court.

 The applicable statutes are the following: Corporation Business Tax— NJ.S.A. 54:10A-19.2 (permitting an appeal to the Tax Court “within 90 days after any action of the director"); Motor Fuels Tax — NJ.S.A. 54:39-49 (permitting an appeal to the Tax Court "in accordance with the provisions of the State Tax Uniform Procedure Law, R.S. 54:48-1 et seq."); Petroleum Gross Receipts Tax — NJ.S.A. 54:15B-8d (referring to the State Tax Uniform Procedure Law); Sales and Use Tax — NJ.S.A. 54:32B-21 (permitting an appeal to the Tax Court “within 90 days after any decision, order, finding, assessment or action of the Director of Taxation").

 Plaintiffs counsel has brought to my attention the form of Notice of Assessment Related To Final Audit Determination now being used by the Director. The fifth paragraph of this document states:
New Jersey statutes grant you certain appeal rights. Therefore, if you disagree with any portion of this assessment, you can request an informal administrative hearing within ninety (90) days from the date of this notice.
On a separate page, under the heading "Alternate Appeal Procedures/' the document states:
Since most matters can be resolved through the protest and hearing process (N.J.A C. 18:1-1.8), it is requested that taxpayers make use of this informal process. Notwithstanding, you may, within (90) ninety days of this notice, file a complaint relative to this determination directly with the Tax court [sic] of New Jersey in accordance with the provisions of NJ.S.A. 54:51A-13 et. seq.
The quoted provisions substantially compensate for the gap in the TBOR notice requirements. However, the description of “Alternate Appeal Procedures,” in order to make clear the consequences of failing to take one or the other of the possible actions, should include the following statement or similar language. "If, within ninety (90) days of this notice, you do not either protest *168 and request an informal administrative hearing or file a complaint with the Tax Court, you will have waived all rights to protest or appeal from the assessment contained in this notice.”