BIANCO, J.T.C.
This is the court’s opinion regarding the appeal of plaintiff, Residuary Trust A u/w/o Fred E. Kassner, Michele Kassner, Trustee, contesting the deficiency assessment of $192,379 including interest and penalties to March 19, 2009, imposed by defendant, Director of the Division of Taxation (“Director”) under the New Jersey Gross Income Tax Act, N.J.S.A. 54A:1-1 et seq. (“Act”). The assessment was imposed on the undistributed income of the testamentary trust (“Trust A”) created by the will of *70 Fred E. Kassner, a New Jersey domiciliary. Michelle Kassner (“Trustee”) and the Director have cross-moved for summary judgment on the issue of whether New Jersey may impose an income tax on the undistributed trust income of Trust A.
For the reasons set forth in this opinion the Trustee’s motion for summary judgment is granted and the Director’s motion for summary judgment is denied.
I. Facts
The facts are not in dispute. Fred E. Kassner, a New Jersey domiciliary, died in 1998 and his will created Trust A, a resident trust[1] for the benefit of his descendants. Beginning January 1, 2006 and throughout calendar year 2006, the Trustee, a resident of New York, served as the sole trustee of Trust A and administered Trust A exclusively outside of New Jersey.
During 2006, Trust A owned cash, bonds and stock.[2] The stock included stock of four corporations which elected to be treated as S corporations.[3] Trust A was allocated income as a result of its ownership of stock in the four S corporations because each of the four S corporations conducted some business inside New Jersey and issued to Trust A a Schedule NJ-K-1 that reported (1) Trust A’s ratable share of the S corporation’s income and loss allocated to New Jersey ($2,986,482 in the aggregate); and (2) Trust A’s ratable share of the S corporation’s income and loss, if any, allocated outside New Jersey ($1,773,226 in the aggregate). Additionally, in 2006, Trust A earned interest income of $98,002.
*71 Trust A filed a 2006 New Jersey Income Tax Fiduciary Return (Form NJ-1041) and reported $4,759,708 as its net pro rata share of S corporation income, of which $2,986,482 was allocated to New Jersey and $98,002 of interest income. Trust A paid tax on the net pro rata share of S corporation income that was allocated to New Jersey but did not pay tax on the interest income or on the net pro rata share of S corporation income that was allocated outside New Jersey. Trust A did not make any distribution to any beneficiary during 2006.
Subsequent to an audit, the Director issued a Notice of Deficiency dated February 23, 2009 (“Notice”), assessing Trust A a deficiency in the amount of $192,379, including interest and penalties to March 16, 2009. The Director concluded that Trust A was taxable on 100% of its undistributed income; including its net pro rata share of S corporation income that was allocated outside New Jersey and therefore, a deficiency assessment was warranted.
On May 22, 2009, the trustee filed a Notice of Protest and Request for a Hearing with the Conference and Appeals Branch of the New Jersey Division of Taxation (“Division”), protesting the deficiency assessment. On November 24, 2009, the Director issued a Final Determination, which stated in part that, “[s]ince there are assets located in New Jersey, the undistributed income must be reported as New Jersey income.”[4]
This appeal ensued. At issue is (1) whether New Jersey may properly tax the undistributed income of a testamentary trust; and (2) whether ownership of stock in a New Jersey S corporation constitutes ownership of New Jersey assets.
II. Summary Judgment
Pursuant to New Jersey’s Court Rule 4:46, a court shall grant a motion for summary judgment
if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any *72 material fact challenged, and that the moving party is entitled to a judgment or order as a matter of law.
[R. 4:46 — 2(c).]
R. 4:46 outlines the requirements in support of a motion for summary judgment:
The motion for summary judgment shall be served with briefs, statement of material facts and with or without supporting affidavits. The statement of material facts shall set forth in separately numbered paragraphs a concise statement of each material fact to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted. The citation shall identify the document and shall specify the pages and paragraphs or lines thereof or the specific portions of exhibits relied on. A motion for summary judgment may be denied without prejudice for failure to file the required statement of material facts.
[R. 4:46-2(a)]
Summary judgment is appropriate where “[a] discriminating search of the merits in the pleadings, depositions and admissions on file, together with the affidavits submitted on the motion clearly shows not to present any genuine issue of material fact requiring disposition at a trial.” Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 74, 110 A.2d 24 (1954) (citation omitted).
As the material facts herein are not in dispute, this matter is ripe for summary judgment.
III. Analysis
A. Both the Courts and the Division have Long Recognized the Limits on the State’s authority to Tax the Undistributed Income of Resident Trusts that have Insufficient Contacts with New Jersey.
The Act imposes taxes on the New Jersey gross income of all individuals, estates or trusts. N.J.S.A 54A:2-1. N.J.S.A 54A:5-1(h) includes in New Jersey gross income the “net gains or income derived through estates or trusts.” N.J.S.A 54A:5-3 taxes “income or gains of the estate or trust ... which has not been distributed or credited to its beneficiaries.”
The New Jersey Tax Court has held that the due process requirement of U.S. Const., Amend. XIV bars New Jersey from taxing the undistributed income of a trust if the trustee, assets and beneficiaries are located outside New Jersey. Pennoyer v. *73 Taxation Div. Dir., 5 N.J.Tax 386, 398-99 (Tax 1983); Potter v. Taxation Div. Dir., 5 N.J.Tax 399, 404-05 (Tax 1983). As explained by the court in Pennoyer, “Constitutional due process requires a minimal link between the taxing state and the individual, property or transaction it seeks to tax, and also requires that a state grant some benefit to the taxpayer in return for the tax imposed.” Pennoyer, supra, 5 N.J.Tax at 392-93 (citations omitted). In Pennoyer, a New Jersey domiciliary bequested a portion of his estate in trust[5] for the benefit of his daughter and her issue. Id. at 390. The trust was a discretionary trust and the trustee had the power to distribute income and principal to the beneficiaries. Id. at 391. The sole trustee of the trust was a New York domiciliary. Id. at 390. The trust assets consisted of cash and securities, which were maintained by a trust company in New York, and an interest in a Delaware limited partnership. Id. at 391. The court held that New Jersey had no power to tax the trust, because,
[C]reation of the trust in New Jersey and the resultant jurisdiction and availability of the New Jersey courts to enforce or interpret this trust are insufficient contacts with New Jersey to support the Director’s income tax assessment.
[Id. at 398.]
In Potter, a New Jersey domiciliary created an irrevocable inter-vivos trust[6], but the trust assets were located and managed outside New Jersey. Potter, supra, 5 N.J.Tax at 401. The court, citing Pennoyer, again held that there were not sufficient contacts with the State of New Jersey to support taxation of undistributed income of the trust. Id. at 405.
Under the relevant principles of Pennoyer and Potter, this court considered (1) whether the trustee was located in New Jersey; *74 and (2) whether the trust assets were located in New Jersey.[7]
The Trustee argues that since there was no New Jersey resident serving as a trustee of Trust A during calendar year’ 2006, and no assets were located in New Jersey[8], Trust A lacks sufficient contacts with New Jersey for the state to tax Trust A as a resident trust for GIT purposes.
In opposition, the Director argues that Trust A has the requisite contacts with New Jersey to render its undistributed income taxable because Trust A filed its NJ-1041 return for tax year 2006 and did so using a New Jersey address.
This court finds that simply using a New Jersey address on the NJ-1041 return[9] does not create the required contacts between Trust A and New Jersey for the Director to overcome the due process threshold that would otherwise permit this court to distinguish the facts of this case from those of Pennoyer.[10]
*75 The Director invokes out of state authority in, District of Columbia v. Chase Manhattan Bank, 689 A.2d 539 (D.C.App.1997) and Chase Manhattan Bank v. Gavin 249 Conn. 172, 733 A.2d 782 (Ct.1999), for the proposition that testamentary trusts could be taxed on their accumulated income without violating due process even if the only connection is the testator’s domicile before his death.[11] In District of Columbia, the court rejected the due process analysis that relied on the presence of persons and tangible property within the taxing jurisdiction and instead decided it was constitutionally reasonable for the taxing district to tax a trust with no trustees or assets located within the taxing district solely on the basis of the testator being domiciled in the taxing district upon his death. District of Columbia, supra, 689 A.2d at 543-45. The Gavin court similarly noted that with respect to such a trust with no assets or trustees in the taxing district, there exists a “panoply of legal benefits and opportunities” available to the trust that are “comparable to those legal benefits and opportunities that justify the imposition of taxes on the income of individual domiciliaries of the state.” See Gavin, supra, 733 A.2d at 799-800. The Director also cites to Pennoyer’s mention of Curry v. McCanless, 307 U.S. 357, 59 S.Ct. 900, 83 L.Ed. 1339 (1939) noting that “the right of the state to tax the income of intangible property derives from the protection it affords the property or the control it exercises over the persons who own or administer the property.” Pennoyer, supra, 5 N.J.Tax at 397.
The court in Pennoyer addressed this issue raised in the aforementioned cases stating that, “the participation of the New Jersey court in the administration of a testamentary trust is limited [because] the supervision of the court is discretionary and *76 presumably exercised only at the behest of beneficiaries, creditors, the trustee or other interested parties,” and then concluded that the creation of the trust in New Jersey and the resultant jurisdiction and availability of the New Jersey courts to enforce or interpret the trust in that ease were insufficient contacts to support the Director’s income tax assessment. Id. at 398-99.
The Pennoyer decision does not leave room for a contrary interpretation of due process as it applies to this case. Despite the Director’s insistence that the law has evolved following Pennoyer, the District of Columbia and Gavin cases have no precedent value in New Jersey and directly conflict with New Jersey Court’s rulings in Pennoyer and Potter. Moreover, the Director has not set forth compelling reasons why this court should disregard New Jersey’s own ease law in favor of contrary out of state authority. To do so would be a drastic step this court finds inappropriate under the circumstances.
Trust A was not administered in New Jersey and the Trustee was a resident of New York. Therefore, Trust A could only be taxed on the undistributed income if it owned assets in New Jersey, thus running afoul of the precedent set by the Tax Court in Pennoyer and Potter and the guidance adopted by the Director.

B. Trust A cannot be Deemed to Own Assets in New Jersey merely because it was a Shareholder in S Corporations that Owned New Jersey Assets.

According to the Director, simply by virtue of owning stock in the four S corporations, Trust A can be treated as owning the assets of those corporations, and thus the assets held by the corporations can create the requisite nexus to subject Trust A to tax on its undistributed non-New Jersey income.[12]
*77 The Director asserts that Trust A owns assets in New Jersey by virtue of the flow through characteristic of the S corporations in which Trust A owns stock (owning stock of an S Corporation that owns New Jersey assets). The Director argues that in contrast to C corporation stock, a shareholder of an S corporation owns the assets of the S corporation as the profits and losses are reported on the owner’s personal returns.
The court finds the Director incorrectly conflates pass-through taxation with ownership of underlying assets. As defined by 26 U.S.C.A. 1361(a)(1), an S corporation is a domestic corporation that, having satisfied certain requirements, elects to pass its income through to its shareholders who are subject to taxation thereon. The statute makes no mention of any transfer of ownership of the underlying assets from the corporation to the shareholders. Therefore, the owner of stock in an S corporation does not own or hold title to the underlying assets of the corporation.
Additionally, the Director asserts that pursuant to the Act at N.J.S.A. 54A:5-10, Trust A’s pro rata share of S corporation income is defined as total S corporation income allocated in New Jersey and outside New Jersey. Specifically, the Director contends that N.J.A.C. 18:35-1.5 provides guidance with regards to reporting requirements for a New Jersey electing S corporation. N.J.A.C. 18:35 — 1.5(d)(5)(i) provides that a resident shareholder report the entire pro-rata share, regardless of where it is allocated, and N.J.A.C. 18:35 — 1.5(d)(5)(ii) provides that a nonresident shareholder reports the pro rata share allocated to New Jersey as New Jersey source income and reports the entire pro rata share, regardless of where it is allocated, as everywhere income. How *78 ever, the same issue was raised in Pennoyer where the court noted that “N.J.S.A. 54A:5-3 taxes income of a trust which has not been distributed or credited to a beneficiary [and that a] resident trust is taxed on its undistributed income from all sources both within and without the State ...” Pennoyer, supra, 5 N.J.Tax at 392. However, citing a violation of due process, the court in Pennoyer refused to apply the statute as interpreted. Ibid. Similarly, in the present case, the express wording of N.J.A.C. 18:35-1.5 subjects a resident shareholder (Trust A) to tax on its income from all sources. Following the precedent set by the Tax Court in Pennoyer, this court may not apply N.J.A.C. 18:35-1.5 as written[13] and subject Trust A to taxation on its out of state income because Trust A does not have sufficient contacts with New Jersey to “satisfy constitutional due process requirements.” Ibid, at 392.

C. Income Interest

Having determined that Trust A does not have sufficient contacts to New Jersey for the state to tax its undistributed income from sources outside New Jersey, it follows that Trust A owes no taxes on the $98,002 of interest income earned in the year in question.
IV. Conclusion
For the reasons set forth hereinabove the Trustee’s motion for summary judgment is granted and the Director’s motion for summary judgment is denied. The court’s order reflecting the decision in this opinion will be forwarded to each counsel under separate cover.

 N.J.S.A. 54A:1-2(o )(2) defines a resident trust as "[a] trust, or portion of a trust, consisting of property transferred by will of a decedent who at his death was domiciled in [New Jersey.]"

 The parties dispute whether or not Trust A owned additional assets by virtue of Trust A’s ownership of stock in four S Corporations conducting business in New Jersey. This matter is addressed in Section III B of this opinion.

 See N.J.S.A. 54A:5-10 (citing 26 U.S.C. 1361). The parties do not dispute these facts of ownership in the S corporations and specific details of the Trust A’s ownership, such as the percentage stakes owned in each company or the names of such companies, are omitted from the opinion.

 The balance owed on the Final Determination, which included interest to December 15, 2009 was $210,041.

 The trust in Pennoyer was a resident trust within the meaning N.J.S.A. 54A:1-2(o )(2). Pennoyer, supra, 5 N.J.Tax at 392.

 The trust in Potter was a resident trust within the meaning N.J.S.A. 54A:1-2(o )(3)(a): "A resident estate or trust means ... [a] trust, or portion of a trust, consisting of the property of: [a] person domiciled in [New Jersey] at the time such property was transferred to the trust, if such trust or portion of a trust was then irrevocable, or if it was then revocable and has not subsequently become irrevocable ...” See Potter, supra, 5 N.J.Tax at 403.

 Although there exists an additional requirement that the beneficiaries must also be located outside the state, the Director’s own guidance published in New Jersey State Tax News in the Winter of 1999 stated only that “The Division has interpreted [Pennoyer and Potter ] to mean that if all trust assets and all trustees are located outside New Jersey then the trust is not subject to tax on its undistributed income.” New Jersey State Tax News 7 (New Jersey Division of Taxation, Winter 1999). This position is reiterated in the Director’s November 24, 2009 Final Determination Letter which also cites the aforementioned guidance. The Director attempts to invoke the 2011 guidance from Tax Topic- Estate and Trusts 2 (New Jersey Division of Taxation, September 2011) by adding an additional requirement that the trust have no income from New Jersey sources. This guidance, however, would not be applicable to the present case since it was distributed after the filing of the complaint in 2010 and well after the 2006 tax year at issue. To retroactively change the way trust income is taxed after the tax year in question has ended would violate "the requirement that Director and Division turn square corners in dealing with tax payers.” Gastime, Inc. v. Dir., Div. Taxation, 20 N.J.Tax 158, 165 (Tax 2002).

 A contention disputed by the Director which will be addressed below.

 As noted in the Trustee’s reply brief ”[t]he address was inserted by the tax preparer, who should have used the address of the sole trustee, who resided in New York."

 The trust in Pennoyer also filed a New Jersey return. Pennoyer, supra, 5 N.J.Tax at 391.

 The court rejects the Director’s assertion that the lack of a presence in New Jersey can be overcome by the Supreme Court’s ruling in Quill Corp. v. North Dakota, 504 U.S. 298, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992) because (1) Quill involved a plaintiff actively conducting a mail order business that targeted residents of the state, Quill, supra, 504 U.S. at 301, 112 S.Ct. 1904 whereas Trust A carries out no business directly as a passive owner of stock; and (2) Quill involved the imposition of use tax. Ibid., whereas the present issue before the court is the imposition of income tax.

 The Act does not directly address the issue of where stock is deemed to be owned. The Director asserts that such authority for determining that Trust A's stock is owned in New Jersey (therefore constituting New Jersey assets) is derived from Cuny where the Supreme Court stated that "[s]hares of corporate stock may be taxed at the domicile of the shareholder and also at that of the corporation which the taxing state has created and controls; and income may be *77 taxed both by the state where it is earned and by the state of the recipient's domicile.” Curry, supra, 307 U.S. at 368, 59 S.Ct. 900. Curry is readily distinguishable from the present case. Curry addresses the issue of whether two states, "may each constitutionally impose death taxes upon the transfer of an interest in intangibles [i.e. stocks and bonds] held in trust by [a trustee from one state] but passing under the will of a beneficiary decedent domiciled in [a different state.]" Id. at 360, 59 S.Ct. 900. Curry does not address the taxation of income derived from a non-resident trust's passive ownership of the subject property. This court, therefore, need not address the point any further.

 The "fundamental maxim that the opinion as to the construction of a regulatory statute of the expert administrative agency charged with the enforcement of that statute is entitled to great weight [is] a 'substantial factor to be considered in construing the statute.'" Continental Gypsum Co. v. Dir., Div. of Taxation, 19 N.J.Tax 221, 238 (Tax 2000) (citation omitted). However, the Director's interpretation of N.J.A.C. 18:35-1.5 is not at issue here.