PER CURIAM.
The Director of the State Division of Taxation (Division or State) appeals from a January 3, 2013 decision of the Tax Court holding that the taxpayer, the Residuary Trust A U/W/O Fred E. *543 Kassner (the Trust or the taxpayer), did not owe $192,379 in taxes plus interest and penalties, on the Trust’s undistributed out-of-State income for the year 2006. Residuary Trust A v. Dir., Div. of Taxation, 27 N.J.Tax 68 (Tax 2013). The Tax Court granted summary judgment in favor of the Trust. We affirm.
The facts and procedural history are recited at length in the Tax Court’s opinion and will not be repeated here. To summarize, the Trust was created by decedent Kassner’s will. In 2006, the Trust owned no assets in New Jersey. Its sole trustee resided in New York and administered the Trust exclusively outside of New Jersey. The Trust owned shares in four travel companies, which were New Jersey S corporations. The Trust paid New Jersey tax on nearly $3 million of its net pro rata share of the S corporations’ income that was allocated to New Jersey. It did not pay New Jersey tax on income allocated to states other than New Jersey, or on about $98,000 of interest income.
There was no issue as to whether the S corporation income was properly allocated between in-state and out-of-state sources. However, in 2009, the Division issued the Trust a Notice of Deficiency, based on this factual and legal assertion: “[s]inee there are assets located in New Jersey, the undistributed income must be reported as New Jersey income.” On the taxpayer’s appeal, the Tax Court characterized the issues as: “(1) whether New Jersey may properly tax the undistributed income of a testamentary trust; and (2) whether ownership of stock in a New Jersey S corporation constitutes ownership of New Jersey assets.” Residuary Trust A supra, 27 N.J.Tax at 71.
The Tax Court judge acknowledged that by statute, New Jersey taxes the New Jersey gross income of trusts, including the net gains or income derived through a trust, and taxes the undistributed income or gains of a trust. Id. at 72 (citing N.J.S.A. 54A:2-1; N.J.S.A. 54A:5-1(h); and N.J.S.A. 54A:5-3). However, applying reported Tax Court precedent, the judge held that New Jersey cannot tax a trust’s undistributed non-New Jersey income if the trustee, assets and beneficiaries are all located outside New Jersey, because in that situation the trust lacks minimum contacts *544 with this State. Id. at 72-76 (relying on Pennoyer v. Dir., Div. of Taxation, 5 N.J.Tax 386 (Tax 1983); Potter v. Dir., Div. of Taxation, 5 N.J.Tax 399 (Tax 1983)). Before the Tax Court, the Division argued that those cases were distinguishable because the Trust owned assets in New Jersey. That was the central issue in the case, and was extensively briefed. The Division also argued that the Trust was domiciled in New Jersey, based on the address listed on its tax return. The judge did not agree with either contention.
The judge rejected the Division’s argument that the Trust owned assets in New Jersey merely by virtue of its owning stock in four New Jersey S corporations. The judge concluded that “the owner of stock in an S corporation does not own or hold title to the underlying assets of the corporation.” Id. at 77. The judge also rejected the contention that the Trust had minimum contacts with this State by virtue of its having filed a New Jersey tax return for 2006 (NJ-1041) and used a New Jersey address on the return.[1]
The judge further noted that since 1999, the Division’s official published guidance had advised taxpayers that the Division was following Pennoyer and Potter, and that no tax would be owed in the factual situation presented by this case. Id. at 74 n.7. That is, no tax would be assessed if all of the trust assets and trustees were located outside New Jersey. See State Tax News, Winter 1999, at 7.[2] The judge concluded that imposing the tax on the Trust’s 2006 income, based on a Division guidance document from 2011, would violate the square corners doctrine. Ibid. (citing Gastime, Inc. v. Dir., Div. Taxation, 20 N.J.Tax 158, 165 (Tax *545 2002)); See Tax Topic: Estates and Trusts, Bulletin GIT-12 (2011) at p. 2.
Our review of the Tax Court’s decision granting summary judgment is de novo, using the same legal standard employed by the trial court. Waksal v. Dir., Div. of Taxation, 215 N.J. 224, 231, 71 A.3d 878 (2013). We owe special deference to the expertise of the Tax Court, although we do not defer to its interpretation of statutes. Ibid.
On this appeal, the Trust urges that we need not reach the constitutional issue, but should affirm based on the square corners doctrine.[3] We agree that it is unnecessary to adjudicate the constitutional question, because the square corners doctrine clearly bars the Division from imposing the tax on this taxpayer for 2006, based on a change in policy that the Division did not announce to taxpayers until 2011. Moreover, contrary to both its notice assessing the tax and its position before the Tax Court, the Division now concedes that the Trust owns no assets in New Jersey.[4]
*546 The Division also asserts a new legal theory in support of its appeal, contending that the Trust consented to be taxed on its undistributed income. Applying well established principles of appellate review, we decline to consider for the first time on appeal arguments that the Division did not present to the Tax Court. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973). The Division’s additional non-constitutional arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11 — 3(e)(1)(E).
The square corners doctrine requires the government to deal fairly with its citizens, eschewing inequitable practices. See CBS Outdoor, Inc. v. Bor. of Lebanon Planning Bd., 414 N.J.Super. 563, 585-86, 999 A.2d 1151 (App.Div.2010); Sellers v. Bd. of Trs. of Police & Firemen’s Ret. Sys., 399 N.J.Super. 51, 59-60, 942 A.2d 870 (App.Div.2008).
We have in a variety of contexts insisted that governmental officials act solely in the public interest. In dealing with the public, government must “turn square corners.” This applies, for example, in government contracts. Also, in the condemnation field, government has an overriding obligation to deal forthrightly and fairly with property owners. It may not conduct itself so as to achieve or preserve any kind of bargaining or litigational advantage over the property owner. Its primary obligation is to comport itself with compunction and integrity, and in doing so government may have to forego the freedom of action that private citizens may employ in dealing with one another.
Similarly, the statutory provisions governing substantive standards and procedures for taxation, including the administrative review process, are premised on the concept that government will act scrupulously, correctly, efficiently, and honestly.
[F.M.C. Stores Co. v. Bor. of Morris Plains, 100 N.J. 418, 426-27, 495 A.2d 1313 (1985) (citations omitted).]
We have applied the doctrine in the context of tax appeals, as has the Tax Court. See Toys ‘R’ Us, supra, 300 N.J.Super. at 171-73, 692 A.2d 111; Lowe’s Home Ctrs., Inc. v. City of Millville, 25 N.J.Tax 591, 602-04 (Tax 2010); Gastime, supra, 20 N.J.Tax at 168-69. In this ease, since 1999, the Division’s official guidance publication gave taxpayers unequivocal advice that undistributed trust income would not be taxable if the trustee was not a New *547 Jersey resident and the trust had no New Jersey assets. In 2009, the Division assessed taxes on the Trust’s 2006 income based on an assertion that the Trust owned assets in New Jersey, a position the Tax Court rejected and the Division then abandoned. Perhaps perceiving the weakness of its position, the Division asserted before the Tax Court a series of arguments that were at variance with the clear guidance it had provided trust taxpayers for at least two decades. Among those arguments, it asserted for the first time that, as set forth in a 2011 issue of Tax Topic, a trust was subject to taxation of its retained income if it had any New Jersey income.
We agree with the Tax Court that the doctrine was appropriately applied to preclude the Division from applying to the Trust’s 2006 income a standard the Division did not announce until 2011. As we observed in a case involving an ordinance that a local government adopted and then tried to eschew mid-litigation:
For almost a half-century, our State’s public policy jurisprudence has expressly insisted that governmental agents and units of government observe certain standards and norms-particularly during litigation-that are beyond reproach. See F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 426 [495 A.2d 1313] (1985) (prohibiting a municipality from taking litigational advantage of another party under the “turn square corners” doctrine); Gruber v. Mayor and Twp. Comm., 73 N.J.Super. 120, 127 [179 A.2d 145] (App.Div.), aff'd, 39 N.J. 1 [186 A.2d 489] (1962) (applying an equitable remedy against government in the interest of holding the municipality to a standard of “rectangular rectitude”).
[CBS Outdoor, Inc., supra, 414 N.J.Super. at 585-86, 999 A.2d 1151.]
We need not determine here whether the new criterion is constitutionally permissible, or whether the Division was required to adopt the criterion in a regulation rather than simply announcing it in a newsletter. However, in this context, application of the square corners doctrine bears a close relationship to our decisional law concerning the adoption of regulations. That is, an agency may not spring upon the regulated community a new policy, never before announced, and apply it retroactively. See Metromedia, Inc. v. Dir., Div. of Taxation, 97 N.J. 313, 336-37, 478 A.2d 742 (1984). That conduct is especially inappropriate when, as here, it occurs in the middle of a taxpayer’s appeal. See CBS Outdoor, supra, 414 N.J.Super. at 586, 999 A.2d 1151.
*548 The square corners doctrine is particularly important in the field of taxation, because trusts, businesses, individuals and others must be able to reliably engage in tax planning and, to do so, they must know what the rules are. See Metromedia, supra, 97 N.J. at 337, 478 A.2d 742; Gen. Trading Co. v. Dir., Div. of Taxation, 83 N.J. 122, 138, 416 A.2d 37 (1980). It is fundamentally unfair for the Division to announce in its official publication that, under a certain set of facts, a trust’s income will not be taxed, and then retroactively apply a different standard years later.
Affirmed.

The Trust explained that the return was prepared by a tax preparer who mistakenly failed to put the Trustee’s New York address on the form and instead listed the New Jersey address of the S corporations. There was no factual dispute that the Trustee lived in New York.

 The State Tax News is "a bi-monthly newsletter published by the Division itself.” Airwork Service Div. v. Dir., Div. of Taxation, 97 N.J. 290, 295, 478 A.2d 729 (1984). We have recognized it as an official Division publication. Toys 'R' Us v. Dir., Div. of Taxation, 300 N.J.Super. 163, 692 A.2d 111 (App.Div.1997).

 Ordinarily, we will not reach a constitutional issue if a case can be decided on a narrower ground. Randolph Town Ctr., L.P. v. Cnty. of Morris, 186 N.J. 78, 80, 891 A.2d 1202 (2006) (internal citations omitted); A.Z. v. Higher Educ. Student Assist. Auth., 427 N.J.Super. 389, 394-95, 48 A.3d 1151 (App.Div.2012). In this case, the taxpayer’s counsel explained at oral argument that, once the trustee received the Division’s 2011 guidance — which advised that the Division would impose tax on non-New Jersey income if a trust also earned income from New Jersey — she could respond by simply distributing the Trust's income instead of retaining it, thereby avoiding any potential tax. The problem in this case, as explained by counsel, is that the trustee relied on prior Division guidance in retaining the income in the Trust, on the understanding that it would not be taxed. Based on this explanation, we are further persuaded that the interests of justice do not require us to adjudicate the constitutionality of the Division’s current regulatory policy. In fact, it is questionable whether the Trust has a genuinely adversarial interest in that issue. Moreover, we believe that a constitutional adjudication by this court should be based on a properly created and complete record, which the Division should present first to the Tax Court, rather than changing its factual and legal assertions between that forum and this court.

 This concession is in the State’s brief and was repeated at oral argument. In response to our specific questions, the Division’s counsel advised us that the State was not arguing that the taxpayer owns the S corporations or that it owns *546 any asset in New Jersey. Nor, we note, does the Division claim that the trustee or trust beneficiaries reside in New Jersey.