NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

```
-------------------------------------------------------x
H N REALTY INC.,                            :
                                            :    TAX COURT OF NEW JERSEY
                   Plaintiff,               :    DOCKET NO:  006141-2025
                                            :
          v.                                :
                                            :
TOWNSHIP OF SOUTH BRUNSWICK,                :
                                            :
                   Defendant.               :
-------------------------------------------------------x
```

Decided September 30, 2025.

Joseph E. Bock, Jr. for plaintiff (Spiotti & Associates, P.C., attorneys).

Frederick L. Rubenstein for defendant (Shah & Rubenstein, LLC, attorneys).

CIMINO, J.T.C.

I.  INTRODUCTION

Taxpayer, H N Realty Inc., is the owner of a property designated as Block 348, Lot 29.02 on the tax maps of the municipality of South Brunswick Township. The municipality seeks to limit taxpayer's 2025 tax appeal to a reasonableness hearing for failing to respond to a Chapter 91 request for income and expense information.  Previously, the court limited taxpayer's 2024 appeal to a reasonableness hearing for failing to respond to a prior Chapter 91 request.  After a

January 3, 2025, reasonableness hearing in which the principal of the taxpayer testified, the court dismissed the 2024 appeal.

As to the 2025 appeal, the taxpayer received the assessor's Chapter 91 request by certified mail on August 28, 2024, and did not respond. Apparently realizing that the 2025 appeal may suffer the same fate as the 2024 appeal, taxpayer contacted the assessor's office on January 3, 2025, asking for another copy of the Chapter 91 request. In response, the assessor's office emailed the Chapter 91 request the same day. In the email, the assessor's office instructed the taxpayer to "Please complete the enclosed 2023 Annual Statement of income and expenses forms and return to us." The assessor's office attached the Chapter 91 request taxpayer received on August 28, 2024. The bottom of the request indicated "As prescribed by law, PLEASE RESPOND WITHIN 45 DAYS OF REQUEST." On January 6, 2025, the taxpayer returned the completed form and indicated "Please confirm this will count as on time for the previous year as discussed over the phone?" The deadline for the tax assessor to file the assessment list with the county board was January 10, 2025. N.J.S.A. 54:4-35(a).

Taxpayer filed a complaint challenging its assessment on March 29, 2025. The municipality filed a motion to limit taxpayer's appeal for failure to answer the initial Chapter 91 request. Taxpayer contends that it answered the subsequent

2

request in good faith, expecting the tax appeal to go forward. Based upon the square corners doctrine, this court now holds that taxpayer's action can go forward.

II. WHAT IS CHAPTER 91?

New Jersey has long required taxpayers to "account" for their real property. See, e.g., Acts of the Gen. A. of the Province of N.J. ch. 111, § 4 (John Kinsey 1732); L. 1798, c. 805, § 1; Rev. 1846 tit. 35, ch. 1, § 1; L. 1903, c. 208, § 8; L. 1918, c. 236, § 403; R.S. 54:4-34 (1937). Legislation in 1960 expanded the accounting to explicitly include income generated. L. 1960, c. 51, § 29. By gathering and analyzing income information, an assessor should be able to reach more accurate assessments.

As the statute existed prior to 1979, the taxpayer had no incentive to provide information. "[T]he property owner [was] not subject to any penalty for not disclosing property income information." S. Revenue, Fin. & Appropriations Comm. Statement to S. 309 (Jan. 26, 1978). The Legislature had a "problem" with a "property owner . . . free to appeal the assessment, notwithstanding his refusal to provide information which would . . . affect[] the valuation, and, perhaps, avoid[] the appeal from the assessment." Ibid. "Further . . . the assessor [had] no access to information on which the appellant [was] basing his appeal and thus the assessor [was] unprepared to testify in argument to the appellant's representations." Ibid. If a taxpayer could withhold information until the time of appeal, the assessor would

3

be "required either to prepare a second valuation of the property – a tremendous waste of valuable time and resources – or to defend the original valuation on the taxpayer's appeal." Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 7 (1988).

To remedy this problem, the Legislature adopted Chapter 91 in 1979 to limit an appeal when a taxpayer ignores a request for income information. L. 1979, c. 91.

In relevant part, N.J.S.A. 54:4-34, as amended by Chapter 91, now reads:

> Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, . . . and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, . . . the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request . . . . In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
>
> [N.J.S.A. 54:4-34 (emphasis added).]

The assessor has three obligations when sending a Chapter 91 request, namely, "(1) the letter must include a copy of the text of the statute; (2) it must be sent by certified mail to the owner of the property; and (3) it must spell out the

consequences of failure to comply with the assessor's demand, namely a bar to the taxpayer's taking of an appeal from its assessment." [1] Southland Corp. v. Township of Dover, 21 N.J. Tax 573, 578 (Tax 2004).  See also Thirty Mazel LLC v. City of East Orange, 24 N.J. Tax 357, 362 (Tax 2009); Fairfield Dev. v. Borough of Totawa, 27 N.J. Tax 306, 308 (Tax 2013).

If the taxpayer fails to respond to a municipality's written request for information within forty-five days, an appeal "is limited in its scope to the reasonableness of the valuation based upon the data available to the assessor . . . . Encompassed within this inquiry are (1) the reasonableness of the underlying data used by the assessor, and (2) the reasonableness of the methodology used by the assessor in arriving at the valuation."  Ocean Pines, 112 N.J. at 11.  Thus, failing to respond to a Chapter 91 request sharply limits a tax appeal to what is commonly known as a reasonableness hearing.

"A reasonableness hearing . . . does not include plenary proofs as to the value of the property under appeal but only proofs as to whether the assessment imposed by the assessor was reasonable 'in light of the data available to the assessor at the time of valuation.'"  Lucent Technologies, Inc. v. Township of Berkeley Heights, 24 N.J. Tax 297, 308 (Tax 2008) (quoting Ocean Pines, 112 N.J. at 11).  "[T]he taxpayer

---

[1]  As to spelling out the consequences, there is some disagreement.  Town of Phillipsburg v. ME Realty, LLC, 26 N.J. Tax 57, 69 n.11 (Tax 2011); James-Dale Enters., Inc. v. Township of Berkeley Heights, 26 N.J. Tax 117, 124-25 (Tax 2011).

is precluded on appeal from expanding the record beyond the information available to the assessor at the time of valuation. The property's financial information, expert opinion as to value, comparable sales not used by the assessor, or any other potential evidence that could otherwise have been available, had the Chapter 91 request been timely answered, is barred." H.J. Bailey Co. v. Township of Neptune, 399 N.J. Super. 381, 387, 24 N.J. Tax 268, 274 (App. Div. 2008) (citations omitted). See also Ocean Pines, 112 N.J. at 11 ("in light of the data available to the assessor").

Since a reasonableness hearing is "sharply limited in both its substantive and procedural aspects," it "may be disposed . . . in summary fashion, without the taking of testimony." Ocean Pines, 112 N.J. at 11, 12. With these limitations, a taxpayer faces a significant hurdle overcoming the presumption of correctness which attaches to every assessment. Pantasote Co. v. City of Passaic, 100 N.J. 408, 412 (1985) (presumption); Clinton Fountain Motel, L.P. v. Township of Clinton, 18 N.J. Tax 486, 488 (App. Div. 1999) (burden). There is little doubt a reasonableness hearing is something less than the plenary hearing guaranteed in the normal course of filing a tax court complaint. The limitations of a reasonableness hearing "essentially closes the courthouse door on the taxpayer's right to appeal an assessment." Southland, 21 N.J. Tax at 579.

Courts must read the provisions of Chapter 91 narrowly, and strictly construe its provisions against the municipality due to the severity of the consequences faced

by taxpayers. The potential "limitation on a taxpayer's appeal rights is material, substantial, and significant. As a result, our courts have been reluctant to grant Chapter 91 motions unless a municipality can demonstrate strict compliance by the assessor with the letter and purpose of the statute." J & J Realty Co. v. Township of Wayne, 22 N.J. Tax 157, 163-64 (Tax 2005) (citing numerous other decisions).

III.    AS APPLIED TO THIS CASE

The issue here is whether the assessor's January 3, 2025, Chapter 91 request restarts the forty-five-day response period. Previously, the assessor had sent a Chapter 91 request which taxpayer received on August 28, 2024. The taxpayer had until October 14, 2024, to provide a response. The taxpayer asserts that the timely response to the January 3, 2025, request on January 6, 2025, satisfies Chapter 91. The municipality argues that regardless of how quickly the taxpayer responded to the second request, failure to respond to the first request is fatal.

The Legislature made clear that the purpose of Chapter 91 is to encourage taxpayers to provide income and expense information to improve the efficiency and fairness of the tax assessment and appeals process. Chapter 91 is not a docket clearing mechanism. While the taxpayer did not respond to the initial Chapter 91 request, upon receiving a second request, the taxpayer promptly responded prior to the deadline for the assessor to submit his tax assessment list on January 10, 2025. See N.J.S.A. 54:4-35.

Taxpayer's unsuccessful pursuit of the 2024 reasonableness hearing laid bare the potential difficulties taxpayer would face if limited to a reasonableness hearing for 2025.  Apparently realizing these difficulties, taxpayer pursued satisfaction of its 2025 Chapter 91 obligation.  Taxpayer demonstrated a commitment to moving the 2025 appeal forward by promptly providing a response to the second Chapter 91 request of January 3, 2025.  Most importantly, the assessor's office did not merely provide a copy of the prior request, but in the cover email instructed taxpayer to "complete the enclosed 2023 Annual Statement of income and expenses forms and return to us."

The facts in this case are sufficiently similar to those faced in Buonviaggio v. Hillsborough Twp. Comm., 122 N.J. 5 (1991).  The Buonviaggios faced possible contamination of their water supply through no fault of their own.  Id. at 12.  The Spill Fund would provide the Buonviaggios with the funds to obtain an alternate water supply.  Id. at 14-15.  The Department of Environmental Protection (DEP) claimed that the Buonviaggios submitted their claim beyond the one-year deadline of learning of the possible contamination.  Id. at 15.  The Buonviaggios had been in active negotiations with the municipality and the DEP to resolve the issue.  Id. at 12-14.  The Court explained:

> [T]he DEP (possessed of the same knowledge the Buonviaggios had) was actually encouraging the plaintiffs to submit a claim to the Spill Fund at a time when their rights had expired.  Of course, the DEP would never

> subject a member of the public to so futile an effort just to exercise the formality of declaring the claim out of time. Rather, the DEP must have perceived, as do we, that in the circumstances of this case, the claim was neither stale nor untimely.
>
> [Id. at 19.]

The Court allowed the Buonviaggios to file their claim. Ibid.

Likewise in this case, the assessor's office encouraged the taxpayer to submit a response to the second Chapter 91 request. Certainly, the assessor would never subject a member of the public to so futile an effort just to exercise the formality of declaring the response untimely and any future appeal curtailed. Rather, the assessor's office must have perceived, as the court does here, that the assessor's office was allowing the taxpayer to cure the missed deadline that had occurred earlier.

In Buonviaggio, the Court plainly indicated that "[a]fter all, the ultimate legislative goal is to clean up the environmental damage . . . . How does an environmental remediation system best accomplish that legislative goal?" Id. at 17-18. Likewise in this case, the ultimate legislative goal of Chapter 91 is to obtain income and expense information to formulate more accurate assessments. The legislative goal of Chapter 91 is certainly not to clear tax court dockets. And, it goes without saying, the best way to accomplish Chapter 91's legislative goal is to

9

actually receive a response. That is exactly what happened here some three days after taxpayer received the second Chapter 91 request.

Failure to answer a Chapter 91 request is a waivable defense. 975 Holdings LLC v Township of Egg Harbor, 30 N.J. Tax 124, 132 (Tax 2017); James-Dale Enters., 26 N.J. Tax at 127. By Court Rule adopted by our Supreme Court, a municipality must file a Chapter 91 motion the earlier of 30 days before trial or 180 days after the filing of the complaint. R. 8:7(e). A municipality can opt to not file a Chapter 91 motion. Likewise, the court is not bound to invoke Chapter 91's limitations. As in Buonviaggio, allowing the taxpayer's claim to go forward "recognize[s] the simple justice in the situation." 122 N.J. at 16-17.

The parties have spilled some ink and made much argument as to whether the assessor's office told the taxpayer that answering the second Chapter 91 request will allow the appeal to go forward. However, that argument misstates the question. The real question is whether the assessor's office informed the taxpayer that regardless of a response to the second Chapter 91 request, the municipality would still make the motion. Certainly, the assessor's office acted properly in resending the Chapter 91 request to taxpayer. However, the assessor's office had an obligation to make clear that no matter what the taxpayer did in response, the municipality would move to limit taxpayer's 2025 appeal. Id. at 17. W.V. Pangborne & Co., Inc. v. N.J. Dep't

of Transp., 116 N.J. 543, 562 (1989); Gastime, Inc. v. Dir., Div. of Tax'n, 20 N.J. Tax 158, 168 (Tax 2002).

In dealing with the public, government must turn square corners. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 426 (1985). "It may not conduct itself so as to achieve or preserve any kind of bargaining or litigational advantage over the property owner. Its primary obligation is to comport itself with compunction and integrity, and in doing so government may have to forego the freedom of action that private citizens may employ in dealing with one another." Id. at 427. These are the "standards of fairness and fair dealings that taxpayers have a right to expect from public officials." Lowe's Home Ctrs., Inc. v. City of Millville, 25 N.J. Tax 591, 606 (Tax 2010).

Nowhere does the January 3, 2025, email indicate that regardless of the taxpayer's response, the municipality would move to curtail taxpayer's appeal. Rather, the email directs the taxpayer to comply with the request. And, the request attached to the email plainly indicates in bold type that the law prescribes a response within 45 days of the request. Notices which contain misleading information demonstrate a failure to turn square corners. Gastime, 20 N.J. Tax at 168.

The assessor's office directed the taxpayer to complete the Chapter 91 request. The hopes of being able to pursue a 2025 tax appeal encouraged the taxpayer to provide information that it did not otherwise have to provide. The assessor gained

11

the litigational or bargaining advantage of having the income and expense information, yet taxpayer still faced a Chapter 91 motion. The law favors clarity when government encourages a certain course of action from a taxpayer that may not necessarily be in the taxpayer's best interests. New Concepts for Living, Inc. v. City of Hackensack, 376 N.J. Super. 394, 402-03 (App. Div. 2005); Pangborne, 116 N.J. at 562; Lowe's Home Ctrs., 25 N.J. Tax at 605-06.

"The fact that the assessor did not intend to mislead the property owner does not preclude application of the square corners doctrine. 'One of the hallmarks of the turn square corners doctrine is that its application is not dependent upon a finding of bad faith.'" Lowe's Home Ctrs., 25 N.J. Tax at 604 (quoting CBS Outdoor, Inc. v. Borough of Lebanon Planning Bd., 414 N.J. Super. 563, 586-87 (App. Div. 2010)). Also, "[i]nadvertence . . . does not relieve the government of its obligation to deal fairly, forthrightly, and scrupulously with the public." Gastime, 20 N.J. Tax at 168.

In furtherance of providing clear information to taxpayers, the Legislature enacted the Property Taxpayer Bill of Rights in 2017. L. 2017, c. 128. The Act provides that taxpayers have a "right to understand the real property assessment process" and the "right to detailed information about how to appeal an assessment of real property." N.J.S.A. 54:1-2.1. To that end, providing clear information as to Chapter 91 is a necessity.

A taxpayer surviving a Chapter 91 motion does not win anything but the right to contest its assessment in court. Challenging an assessment could also benefit the municipality and other taxpayers. In most cases, the court is free to increase as well as decrease the assessment. <u>Campbell Soup Co. v. City of Camden</u>, 16 N.J. Tax 219, 226-27 (Tax 1996). In other words, the court can peg the assessment at the correct amount. This comports with Chapter 91's overarching goal of assessors obtaining accurate information for assessments.

IV.    CONCLUSION

Based upon the representations of the assessor's office, the square corners doctrine dictates that the second request of January 3, 2025, restarts the forty-five-day period to respond. The taxpayer promptly responded to the notice thereby accomplishing the goals of Chapter 91. For the foregoing reasons, the court denies the municipality's motion.